**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**v.**

**VTR, INCORPORATED et al. (Bankhaus Schneider & Munzing and Klaus Fischer), Defendants.**

United States District Court
S. D. New York.

Jan. 5, 1966.

Arthur Goldman, Asst. Regional Adm'r, New York City, for plaintiff; Edward B. Wagner, Gus J. Bennett and Martin D. Newman, Washington, D. C., of counsel.

Emily Marx, New York City, appearing specially for defendants Bankhaus Schneider & Munzing and Klaus Fischer.

METZNER, District Judge.

Plaintiff Securities and Exchange Commission has requested this court to enter a preliminary injunction by default against violations of the registration provisions [1] of the Securities Act of 1933 by defendants Bankhaus Schneider & Munzing, a German bank located in Munich, and Klaus Fischer, a director and officer of the German bank. The SEC served its complaint personally on the defendants in Munich on September 2, 1965. This court received a letter from the defendants on September 20, 1965, which stated that the manner in which the action was brought to their attention was "no service." Thus, although the letter contested the merits of the case, it preserved a challenge to the jurisdictional basis of the court to act.

On October 18, 1965 defendants made a formal motion

"solely to challenge the jurisdiction of this Court over the person of said persons, and to quash the return of service of the summons and complaint."

1. Sections 5(a) and (c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c).

The fact that the formal motion is addressed solely to jurisdictional issues does not waive the right of the defendant to answer on the merits should the jurisdictional issues be decided against him. See Fed.R.Civ.P. 12(b); 2 Moore, Federal Practice ¶ 12.12 (2d ed. 1964).

The complaint in essence states that defendants Bankhaus and Fischer, acting through their agents, offered and sold, are selling and will continue to sell, VTR stock on the American Stock Exchange at a time when no registration statement was filed or in effect with the Commission. The complaint is expanded by the affidavit submitted on the motion which states that in 1963 Bankhaus acquired unregistered VTR stock through intermediaries of the Leitman defendants, and then sold the same stock through two New York broker-dealers, W. E. Hutton Co. (herein called Hutton) and Merrill Lynch, Pierce, Fenner & Smith (herein called Merrill Lynch). Merrill Lynch also made sales for Bankhaus of another group of shares in July 1964. From January 21, 1964 through March 31, 1964, Brown Brothers delivered 40,100 shares to Hutton against payment of approximately $233,133, and from January 28, 1964 through January 30, 1964, delivered 1,900 shares to Merrill Lynch against payment of approximately $11,046, both deliveries being made for the account of Bankhaus. From approximately June 24, 1964 through July 31, 1964 Financiere Du Mont Blanc, S.A. delivered 14,400 shares to Hutton against payment of $89,568 and 5,500 shares to Merrill Lynch against payment of $34,210. Both of these transactions were for the account of Bankhaus. From January through July 1964, 54,500 additional shares of VTR were sold by Hutton for total proceeds of approximately $410,950 and 7,400 shares were sold by Merrill Lynch for total proceeds of approximately $52,867, both transactions being for the account of defendant Bankhaus.

The SEC asserts that in correspondence between Bankhaus and the Commission's staff, Bankhaus has stated that all transactions in VTR stock were handled by defendant Fischer. Further, the SEC affidavit states that the registered representative of Hutton who handled the orders in VTR stock for Bankhaus has stated under oath that all such orders were given by defendant Fischer.

Defendants contend that this court has no power to issue an injunction against them because it is without jurisdictional basis. The court, therefore, must determine whether the service made was effective. Fed.R.Civ.P. 4(f) speaks to the territorial limits of effective service. The pertinent portion reads:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by *these rules,* beyond the territorial limits of that state." (Emphasis added.)

The more specific rule to which rule 4(f) addresses the court is rule 4(e)—"Service Upon Party Not Inhabitant of or Found Within State." The pertinent portions of rule 4(e) state that:

"Whenever a statute of the United States * * * provides for service of a summons * * * upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute * * * or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule."

The SEC relies on section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v

(a), as a statute of the United States encompassed by rule 4(e). Section 22 (a) refers to "Jurisdiction of Offenses and Suits"—and the pertinent portion states that:

"Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found."

The statute does not state the manner of service; therefore, pursuant to rule 4(e), the court is referred to rule 4(i)— "Alternative Provisions for Service in a Foreign Country." Service was made in this action in the manner referred to in rule 4(i)(1)(C)—personal delivery.

The jurisdictional problem herein is not solved merely by the juggling of the Federal Rules of Civil Procedure. First, a problem arises whether the words "wherever the defendant may be found" in section 22(a) of the Securities Act authorize service outside the United States or only in any district within the United States. The Advisory Committee of the Judicial Conference of the United States, which proposed the now adopted Fed.R.Civ.P. 4(i) and amended 4(e), stated that 22(a) of the Securities Act was phrased

"in such terms as to warrant the interpretation that service abroad is permissible." Report of the Judicial Conference of the United States, 31 F.R.D. 630 (1962). See Smit, International Aspects of Federal Civil Procedure, 61 Colum.L. Rev. 1031, 1040 n. 45 (1961).

It has been held that the section gives federal district courts in personam jurisdiction over a United States citizen not physically present in the country. S.E.C. v. Briggs, 234 F.Supp. 618 (N.D. Ohio 1964). The court confined its holding to the situation where defendant was a citizen, but its essential construction of the words "wherever the defendant may be found" would encompass the defendants herein. The emphasis of the opinion is focused on the essence of judicial jurisdiction in modern times: traditional notions of fair play. See Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945).

■ The Supreme Court has outlined factors a court must consider in determining whether it is fair to assume jurisdiction. The Court has stated:

"[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, supra 357 U.S. at 253, 78 S.Ct. at 1240.

The nexus between defendant and the forum need not be as strong when suits "arise out of or are connected with the activities within the state." International Shoe, supra 326 U.S. at 319, 66 S.Ct. at 160. An important factor in considering whether it is fair to assert jurisdiction is whether the activity is one which "the State treats as exceptional and subjects to special regulation." Hanson v. Denckla, supra, 357 U.S. at 252, 78 S. Ct. at 1239.

■ The assertions of the SEC (which we accept as true for the purposes of this motion) indicate that defendant's activity within the forum in

the selling of unregistered stock was substantial. The fact that an agent performed the activity does not affect its impact. International Shoe, supra. The main contention of defendants is that they, being a foreign corporation, should not be subject to our courts in any case. They argue that "physical power" is the *sine qua non* of jurisdiction. But they do not make contentions that our Supreme Court considers relevant in determining whether an injunction should issue against a foreign party. There is no showing that the injunction would cause them to violate German law or cause a risk of liability in their country. See United States v. First National City Bank, 379 U.S. 378, 384, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965). See also 31 F.R.D. 630, supra. Nor has the court received word from the Executive Branch that issuance of the injunction would disturb foreign policy. United States v. First National City Bank, supra. Thus, we must balance the inconvenience to both sides, even though the defendant is a foreign based bank. See United States v. Montreal Trust Co., 35 F.R.D. 216 (S.D.N.Y.1964). The subsequent opinion in the Montreal case, reported in 235 F.Supp. 345 (S.D.N.Y.1964), did not retreat from the court's holding that the fairness jurisdictional standard was applicable to foreign private parties, but found under the facts that the defendant had not transacted business within the state. Here there clearly was business transacted by the defendants in this state. Further, the SEC rules which protect both foreign and domestic investors who trade on our national exchanges could be evaded at will if injunctions could not be had against foreign based brokers and individuals who trade in large volume on such exchanges. The SEC made service in a proper manner and jurisdiction exists over the defendants Bankhaus Schneider & Munzing and Klaus Fischer.

Motion denied. So ordered.