Ethel ROTH, suing as a stockholder in the name and in behalf of Dreyfus Corporation, Plaintiff,

v.

The FUND OF FUNDS, LTD., I. O. S., Ltd. (S. A.) doing business as Investors Overseas Services and Dreyfus Corporation, Defendants.

No. 67 Civ. 2027.

United States District Court
S. D. New York.

Feb. 8, 1968.

Pollack, Greenspoon & Singer, New York City, for plaintiff; Daniel A. Pollack, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendants; Vincent R. Fitzpatrick, Kenneth J. Bialkin and Gilbert Sandler, New York City, of counsel.

METZNER, District Judge.

This is a stockholders' derivative suit brought on behalf of Dreyfus Corporation, seeking recovery pursuant to § 16 (b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Between September 15, 1966 and March 15, 1967, the defendant, The Fund of Funds, Ltd., owned in excess of 10% of the outstanding shares of the common stock of Dreyfus. Within that six-month period, defendant bought and sold 33,200 shares of the stock, on which it realized a profit of $154,019.50. This suit seeks recovery of this profit. Plaintiff moves for summary judgment.

Defendant is a Canadian corporation with its principal place of business in Geneva, Switzerland. The orders for the

purchase and sale of the stock were placed by telephone calls to brokers in New York City, who executed the orders on or through the facilities of the New York Stock Exchange. Payment for the purchase of the stock was made by a New York bank upon delivery to it of the certificates. The proceeds of the sale were deposited in a New York bank to the credit of a Swiss bank for the account of the defendant.

■ Defendant's first objection to the granting of this motion is that there are issues of fact regarding the purchase and sale of the securities, and as to the amount of damage. It is admitted that three of the nine purchase orders placed by the defendant were made by the president of the defendant by means of a telephone call from Geneva, Switzerland, to the broker in New York City. The president of defendant is supposed to have given the order for the other six purchases to a representative, in Switzerland, of the New York broker, who in turn telephoned his office in New York to execute the order. It is admitted that the president of the defendant placed the order to sell the securities by means of a telephone call from Geneva, Switzerland, to the brokerage office in New York, but it is claimed that the negotiations leading up the placing of this order took place in Switzerland.

These contentions, either as to the six purchases or the sale, raise no issue of fact going to the determination of the controversy because the wrong complained of is that an owner of more than 10% of Dreyfus stock made a profit on purchase and sale transactions in that stock within a six-month period. It is clear that all of the orders were intended by the defendant to be executed in New York. The purchase and sale took place on the New York Stock Exchange and that is the place of the wrong. Gratz v. Claughton, 187 F.2d 46, 49 (2d Cir.), cert. denied, 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353 (1951). Consequently, it is immaterial what went on before the execution of the buy and sell orders.

■ A possible dispute as to the amount of damages cannot defeat this motion, since Fed.R.Civ.P. 56 provides: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." However, I find no genuine issue as to the amount of damages. A reading of the papers shows that the amount of damages claimed is the net difference between the purchase and sales prices. By this is meant that brokerage commissions and transfer taxes have already been taken into account. The affidavit in opposition states that defendant flatly denies that the amount claimed is the proper amount of damages, but it fails to set forth facts to substantiate this conclusion. See Scolnick v. Lefkowitz, 329 F.2d 716 (2d Cir. 1964). Nowhere does defendant indicate any other expenses which should be taken into consideration.

■ Defendant finally contends that this court lacks subject matter jurisdiction. § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, provides that the district courts of the United States shall have exclusive jurisdiction of any action brought to enforce any liability created by the act. Defendant claims that § 30 (b) exempts it from this grant of jurisdiction. The section provides that the act "shall not apply to any person insofar as he transacts a business in securities without the jurisdiction of the United States * * *." It is unnecessary for the court to determine whether this section refers only to brokers and dealers, or whether it applies to a mutual fund business operated by the defendant. The heading of the section refers to "foreign securities exchanges" and obviously refers to activities on such exchanges. The wrong here claimed occurred on the New York Stock Exchange, Gratz v. Claughton, supra, and therefore this section does not limit the grant of jurisdiction contained in § 27. This case is stronger for sustaining subject matter jurisdiction than either Ferraioli v. Cantor, 259 F.Supp. 842 (S.D.N.Y.1966), or

SEC v. Gulf Intercontinental Finance Corp., 223 F.Supp. 987 (S.D.Fla.1963). Neither of the cases dealt with a 16(b) violation. In both of them, it was necessary for the court to analyze the factual material to find the situs of the wrong in the United States.

The case of Kook v. Crang, 182 F.Supp. 388 (S.D.N.Y.1960), relied on by the defendant, is not in point. That case dealt with a claimed violation of § 7(c) of the act, which covers the extension of credit by a broker-dealer. The court found that all the essentials of the transaction occurred in Canada, including the purchase of the securities which were held there as security for the credit that was extended. § 30(b) was found applicable because the word "jurisdiction" as used in the section "contemplates some necessary and substantial act within the United States." To the same effect is Schoenbaum v. Firstbrook, 268 F.Supp. 385, 394 (S.D.N.Y.1967), a § 10(b) case where the court found that the fraud occurred in Canada in what was essentially a Canadian transaction. In the instant case, the wrong complained of occurred in the United States.

Motion granted. Settle order.