Graham C. GARNER et al., Plaintiffs,

v.

John J. ENRIGHT et al., Defendants and
Third-Party Plaintiffs,

v.

Tazwell W. PEARSON et al.,
Third-Party Defendants.

No. 74 C 1008.

United States District Court,
E. D. New York.

July 27, 1976.

Brian J. Gallagher, New York City, for plaintiffs.

Lunney & Crocco, New York City, for defendants and third-party plaintiffs, by J. Robert Lunney, and Luigi P. DeMaio, New York City.

Davis, Polk & Wardwell, New York City, for third-party defendant Ernst & Ernst, by Daniel F. Kolb and Paul R. Koepff, New York City.

Eaton, Van Winkle & Greenspoon, New York City, for third-party defendants Pyfrom and Lightbourn, by Samuel Greenspan, New York City.

Sichol & Hicks, P. C., Suffern, for third-party defendants Pearson and Baker, by Michael L. Kinney, Rood & Kinney, Tampa, Fla., of counsel.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs, court appointed liquidators of the British-American Bank Ltd., a Bahamian bank (the "Bank"), brought this action under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, and Bahamian statutory and common law, against defendants, founding shareholders who had

held 50% of the Bank's outstanding stock. The complaint alleges that defendants, in 1969, sold their stock to the Bank, without necessary regulatory approval, at inflated and excessive amounts, and were paid out of the Bank's capital assets. This allegedly was done in conspiracy with the remaining shareholders in order to transfer control to them in fraud of the Bank's depositors and creditors.[1]

Defendants have filed a third-party complaint against Pearson, president and a director, Pyfrom, secretary and director, Bussey, Lightbourn and Pritchard, directors, Baker, internal accountant and general manager, and Ernst & Ernst, the Bank's outside accounting firm, for full or partial indemnification based upon the following substantive allegation under § 10(b) and Rule 10b–5:

> "11. Third-Party defendants and each of them have or may have violated the provisions of Section 10(b) of the Securities Exchange Act of 1934 and of Rule 10(b)–5 promulgated thereunder in that they employed the means and instrumentalities of interstate commerce and the mails in furtherance of their scheme to defraud the Bank, its depositors, creditors and defendants by either separately or in concert making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading and engaged in acts, practices and courses of business which operated as a fraud and deceit and misrepresentation upon which defendants relied in conjunction with the purchase and sale of the Bank's shares." Third-party Complaint, p. 3.

All of the third-party defendants who have appeared now move to dismiss the third-party complaint on numerous grounds which will be discussed *ad seriatim*.[2]

### Sufficiency of the Pleadings

The first of the stated grounds is that defendants have failed to plead fraud with sufficient particularity as required by Rule 9(b), F.R.Civ.P. On this ground, the motions will be granted in favor of all third-party defendants.[3]

Rule 9(b), F.R.Civ.P., requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In examining the sufficiency of a complaint in this regard "mere conclusory allegations to the effect that defendant's conduct was fraudulent or in violation of Rule 10b–5 are insufficient." *Shemtob v. Shearson, Hammill & Co.,* 448 F.2d 442, 444 (2 Cir. 1971). Accord, *Felton . v. Walston & Co., Inc.,* 508 F.2d 577, 580 (2 Cir. 1974); *Segal v. Gordon,* 467 F.2d 602 (2 Cir. 1972). A third-party complaint based on the securities laws is not exempt from the requirements of Rule 9(b), F.R.Civ.P. See *Odette v. Shearson, Hammill & Co., Inc.,* 394 F.Supp. 946 (S.D. N.Y.1975).

Measured against this standard, the third-party complaint is clearly defective. The allegation of ¶ 11 simply tracks the language of Rule 10b–5. Mere repetition of the statutory language cannot be equated with the particularity mandated by Federal Rule 9(b). *SEC v. Republic National Life Insurance Co.,* 378 F.Supp. 430, 439 (S.D.N.Y.1974).

The single allegation fails to give third-party defendants sufficient notice of

---

**1.** The liquidators had commenced a prior action alleging violations of § 10(b) and Rule 10b–5 and common law fraud against Pearson, Baker and Bussey, third-party defendants herein, and other individuals, in the Middle District of Florida. Their claims of waste of the Bank's assets and looting involve transactions subsequent in time to those of the present suit, including a second transfer of Bank stock and the Bank's ultimate bankruptcy. See *Garner v. Pearson,* 374 F.Supp. 591 (M.D.Fla.1974).

**2.** Third-party defendants Pearson, Baker, Pyfrom, Lightbourn and Ernst & Ernst have moved to dismiss. Neither Bussey nor Pritchard has answered or moved.

**3.** Third-party defendants Pearson and Baker have moved for a more definite statement, Rule 12(e), F.R.Civ.P., on the same issue. The court will adopt the stricter standard and dismiss.

defendants' pertinent claims and the factual basis upon which they rest. *Felton v. Watson & Co., Inc., supra,* 508 F.2d at 581. Difficulty in particularizing fraud when the facts are within the possession of the opposing party, as claimed here, serves only to relax and not to eliminate the requirement. In this situation, the allegations must be made, but may be based "on information and belief" if then accompanied by a statement of the facts upon which the belief is founded. *Segal v. Gordon, supra,* 467 F.2d at 608. The third-party complaint is not saved by incorporation by reference of the main complaint, even assuming that could cure the deficiency, but see *Rich v. Touche Ross & Co.,* 68 F.R.D. 243, CCH Fed.Sec.L. Rep. [1974–75 Transfer Binder], ¶ 95,084 (S.D.N.Y.1975), as it does not add anything which would apprise third-party defendants of the basis of defendants' claim here.

The third-party complaint is, therefore, dismissed without prejudice for failure to satisfy Rule 9(b), F.R.Civ.P. If repleading is attempted, such a complaint must meet the standard recently enunciated by the Supreme Court in *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

Insofar as the third-party defendants also move to dismiss for failure to state a claim, their motions are denied as premature.

### *Jurisdictional Challenges*

Third-party defendants, except Ernst & Ernst, also assert the following defenses: lack of personal jurisdiction, improper venue and insufficiency of service of process. Rules 12(b)(2), (3) and (5), F.R.Civ.P.

### *Service of Process*

Defendants assert personal jurisdiction over and sufficiency of service of process on third-party defendants under § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa.[4] The latter's contention, that service of process was insufficient, is without merit. Third-party defendants Pyfrom and Lightbourn are citizens and residents of the Bahamas; Pearson and Baker are citizens and residents of the United States. Service of process upon Pyfrom and Lightbourn was made in the Bahamas by registered mail addressed by the Clerk of the Court, return receipt requested. Pearson and Baker were personally served by United States Marshals in North Carolina and Florida respectively.

Section 27 of the Securities Exchange Act provides that "process . . . may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found," and permits service in a foreign country. *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1340 (2 Cir. 1972); *Ferraioli v. Cantor,* 259 F.Supp. 842 (S.D.N.Y.1966); *SEC v. VTR, Inc.,* 39 F.R.D. 19 (S.D.N.Y. 1966). Congressional power to so legislate is beyond dispute. *Mariash v. Morrill,* 496 F.2d 1138, 1143 n. 6 (2 Cir. 1974).

Rule 4(e), F.R.Civ.P., provides that where "a statute of the United States . . . provides for service . . . upon a party not . . . found within the state in

---

**4.** Section 27 provides:

"The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 225 and 347 of Title 28. No costs shall be assessed for or against the Commission in any proceeding under this chapter brought by or against it in the Supreme Court or such other courts." 15 U.S.C. § 78aa.

which the district court is held, service may be made . . . in the manner stated in this rule." The extraterritorial service upon Pyfrom and Lightbourn was made in accordance with Rule 4(i)(1)(D), F.R.Civ.P., which authorizes service in a foreign country to be effected by "any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served," and was sufficient. Personal service on Pearson and Baker within the United States was likewise sufficient. See *Mariash v. Morrill, supra,* 496 F.2d at 1142.

*Personal Jurisdiction*

■ Although the third-party complaint itself discloses no basis for personal jurisdiction, the affidavits submitted by the parties may be considered by the court on the question. *Exchange National Bank of Chicago v. Touche Ross & Co.,* (2 Cir. June 9, 1976), slip. op. 4073. A sufficient basis may only exist, provided, of course, the complaint states a claim under the 1934 Act. See *Mariash v. Morrill, supra,* 496 F.2d at 1142. The third-party complaint does not reveal whether defendants' theory of recovery is that the fraud was perpetrated by third-party defendants upon them or that third-party defendants are their co-conspirators, in some way to be held for contribution. The presence of one conspirator, however, does not extend personal jurisdiction over other alleged co-conspirators. *Leasco Data Processing Equipment Corp. v. Maxwell, supra,* 468 F.2d at 1343.

■ Under § 27, jurisdiction over the person, including jurisdiction over foreigners not present in the United States, extends to the constitutional limits of due process. *Leasco Data Processing Equipment Corp. v. Maxwell, supra,* 468 F.2d at 1339–40.

The test for determining the essential issue of personal jurisdiction when the defendant is not personally present, the sufficiency of the nexus between the forum and defendant, has been formulated as follows:

"The Supreme Court's latest relevant expression on the subject is the statement in *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958), that where the defendant is not personally present and there is no other demonstrable basis for jurisdiction, it is 'essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' Amplifying this, the Restatement (Second) of Conflict of Laws, § 27, lists various bases for the exercise of judicial jurisdiction over an individual who is not present. Those relevant here are doing business in the state, § 35; doing an act in the state, § 36; and causing an effect in the state by an act done elsewhere, § 37 . . . [W]here a defendant has acted within a state or sufficiently caused consequences there, he may fairly be subjected to its judicial jurisdiction even though he cannot be served with process in the state." *Id.* at 1340.

■ A defendant may not be called upon to defend in a particular tribunal unless he has had "minimal contacts" with the State which would exercise jurisdiction over him. *Hanson v. Denckla, supra,* 357 U.S. at 251, 78 S.Ct. 1228. However, here "[i]t is not the State of New York but the United States 'which would exercise its jurisdiction.'" *Mariash v. Morrill, supra,* 496 F.2d at 1143. In an action under § 10 and Rule 10b–5, where personal jurisdiction is asserted under § 27 of the Securities Exchange Act, the necessary nexus must be found between the United States and the defendant.

■ *In personam* jurisdiction over Pearson and Baker is based on nationwide service of process, authorized by § 27. This requires only that defendants reside within the territorial boundaries of the United States, provided that service of process is adequately effected. *Mariash v. Morrill, supra,* 496 F.2d at 1143. Third-party defendants Pearson and Baker, who were personally served in the United States, consequently have no basis to contest personal jurisdiction.

*In personam* jurisdiction over Pyfrom and Lightbourn, based on extraterritorial service of process, does, however, raise a question of the forum's power to assert control. Absent any showing that those third-party defendants "had sufficient connection with the United States to satisfy the 'minimal contacts' required to legitimate extraterritorial service of process," *Mariash v. Morrill, supra,* 496 F.2d at 1143 & n. 9, their motion to dismiss for lack of personal jurisdiction must be granted.

### Venue

Third-party defendants' remaining contention, that venue is improper in this district, encounters an insuperable obstacle. Assuming no independent basis for venue over third-party defendants exists under § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, or the general federal question venue statute, 28 U.S.C. § 1391(b), an independent foundation is unnecessary provided venue is properly laid in the principal action.[5] Ancillary venue, as well as subject matter jurisdiction, is sufficient in third-party actions. *Odette v. Shearson, Hammill & Co., Inc., supra,* 394 F.Supp. at 951–52 (S.D.N.Y.1975). See also *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 585 (2 Cir. 1965) (dictum); *United States v. Acord,* 209 F.2d 709, 712 (10 Cir.), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). Third-party defendants may not object to venue in the Eastern District of New York.

### Forum Non Conveniens

Third-party defendants have also moved to transfer the action to the Middle District of Florida under 28 U.S.C. § 1404(a). With respect to the main complaint, it does not appear that the action originally "might have been brought" in Florida, as required, due to defendants' New York residence and no allegation of any transactions having taken place in Florida. See § 27 of the Securities Exchange

Act, 15 U.S.C. § 78aa. Nor, with respect to the third-party complaint, does the balance of convenience and hardships tip in favor of such a transfer when the action is ancillary and dependent for relief upon plaintiff's success in the main suit here. The motion to transfer is denied.

Accordingly, third-party defendants' motions to dismiss for failure to plead fraud with particularity, Rule 9(b), F.R.Civ.P., are granted. The motions of third-party defendants Pyfrom and Lightbourn to dismiss for lack of personal jurisdiction are also granted. The third-party defendants' motions in all other respects are denied.

SO ORDERED.

---

5. Venue in this district would be independently established if "an act or transaction constituting the violation occurred" in this district. § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa.