Albert SCOLNICK and Celia Scolnick,
Plaintiffs-Appellants,

v.

Louis J. LEFKOWITZ and Isidore Siegel,
Defendants-Appellees.

No. 390, Docket 28684.

United States Court of Appeals
Second Circuit.

Submitted March 20, 1964.

Decided March 24, 1964.

Albert Scolnick and Celia Scolnick,
New York City, pro se.

Louis J. Lefkowitz, New York City,
for defendants-appellees.

Before LUMBARD, Chief Judge, and
FRIENDLY and KAUFMAN, Circuit
Judges.

PER CURIAM.

Plaintiffs, husband and wife, brought
this action against the present appellees
and others for an alleged conspiracy to
deprive them of their civil rights.
Causes of action based on the Fourth,
Sixth and Fourteenth Amendments were
dismissed as to all defendants by Judge
Metzner, pursuant to Rule 12(b) (6),
F.R.Civ.P.; and plaintiffs' remaining
claim, seeking relief as against defend-
ants Lefkowitz and Siegel under 42
U.S.C. § 1983 for a purported conspiracy
to incarcerate them in Bellevue Hospital
which had not been dismissed by Judge
Metzner, subsequently was dismissed by
Judge Murphy upon defendants' motion
for summary judgment. Rule 56, F.R.
Civ.P.

Defendant Lefkowitz is Attor-
ney General, and defendant Siegel, As-
sistant Attorney General, of the State of
New York. Insofar as plaintiffs com-
plain of defendants' failure to investigate
and act upon reports of an underworld
plot to injure them, the defendants' con-
duct is clearly privileged as in the exer-
cise of their official, quasi-judicial func-
tions. Gregoire v. Biddle, 2 Cir., 177

717

F.2d 579 (1949); see also Blitz v. Boog, 328 F.2d 596 (2d Cir. 1964). While plaintiffs vaguely assert that the defendants departed from the scope of their official duties in a conspiracy to incarcerate them illegally in a mental institution, Judge Murphy's award of summary judgment as to this allegation was clearly proper. Defendants' detailed affidavits, categorically denying the existence of such a conspiracy—and, in the case of defendant Lefkowitz, denying knowledge of the plaintiffs' very existence—were sufficient to require the plaintiffs to "set forth specific facts showing that there is a genuine issue for trial" under the recent amendments to Rule 56(e); this they failed to do. We find that summary judgment was properly granted.

Judgments of dismissal affirmed.