**William LUSK, Plaintiff,**

v.

**Edward V. HANRAHAN, Robert Maloney, and Thomas Certoa, a/k/a Thomas Curoa, United States Attorneys, Defendants.**

**Civ. No. 65-10.**

United States District Court
E. D. Illinois.

June 18, 1965.

William Lusk pro se.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

William Lusk brings this action pro se, wherein, generally stated, he alleges that the action is of a civil nature, exceeds the sum of $10,000.00, and is founded on the existence of a federal question. He asserts that he contracted crippling arth-

ritis from malnutrition and/or crowded negligent confinement from May 20, 1964 to May 30, 1964 at Cook County Jail, Chicago, Illinois, and October 30, 1964 to November 13, 1964 in the Du Page County Jail; that such confinement was unnecessary as the government had not exhausted all legal remedies available to them. Plaintiff contends that he was unjustly persecuted, apparently basing this statement on the levy of a tax lien. He asserts that United States Attorney Robert Maloney through fraud or condition of mind or deceit introduced certain documents which induced the court to grant summary judgment. He does not allege by what acts or actions he seeks to hold liable defendants Edward V. Hanrahan or Thomas Certoa, a/k/a Thomas Curoa.

Defendants have filed their motion to dismiss the complaint and cause of action for the reasons that the Court lacks jurisdiction over the subject matter; that the Court lacks jurisdiction over the persons of the defendants; and that the complaint fails to state a claim upon which relief can be granted.

In the heading of the complaint, following the names of the individuals, there appears the following: "United States Attorneys." If it is upon actions taken by the individuals operating in the course of their duties for the United States Government, this cause of action must fail.

■ Any impropriety committed by a prosecuting attorney that interferes with an accused's constitutional right to a fair and impartial trial may be remedied in the criminal proceeding against the accused. Although the official may be immune to civil tort liability, he may nevertheless be subject to discipline and professional censure where warranted. Sauber v. Gliedman, 283 F.2d 941 (7th Cir. 1960).

The law of privilege as a defense by officers of government to civil damage suits for defamation and kindred torts has in large part been of judicial making, although the Constitution grants an absolute privilege to members of both Houses of Congress in respect to any speech, debate, vote, report, or action done in session. The Supreme Court of the United States early held that judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, and a like immunity extends to other officers of government whose duties are related to the judicial process. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

■ It is obvious, if plaintiff here seeks to hold the defendants liable for actions performed during the course of their duties with the United States Government, his cause of action must fall because of the doctrine of immunity.

■ Aside from the question of immunity, the Court is unable to determine the cause of action plaintiff attempts to allege. Notwithstanding the liberality of the modern Federal Rules of pleading, the Court is unable to find any cause of action set forth in the complaint against any of the named defendants. Defendants' motion to dismiss the complaint and cause of action will be granted.

■ Plaintiff files his motion for partial release of funds and his motion requesting that place of hearing in this matter be transferred to Benton, Illinois. Since the complaint and cause of action will be dismissed, it is unnecessary that the Court rule on plaintiff's motion for partial release of funds or his motion to transfer.

It is, therefore, the order of this Court that the complaint and cause of action be and the same are hereby dismissed.