Garland LINK, Plaintiff,

v.

GREYHOUND CORPORATION, a foreign corporation, Gerard H. Austin, Glenn Mann, James G. Fleming, Lysle Hall, Jr., John Doe and Richard Roe, whose names are unknown but whose identities are well known, and County of Jackson, jointly and severally, Defendants.

Civ. A. No. 28238.

United States District Court
E. D. Michigan, S. D.
July 19, 1968.

Arnold M. Gordon, Gussin, Weinstein & Kroll, Detroit, Mich., for plaintiff. Donald E. Miller, Alexander, Buchanan & Conklin, Detroit, Mich., for Greyhound Corp., and another.

R. E. Rutt, Ward, Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., Ernest J. Rogers, Jackson, Mich., for County of Jackson.

MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS AS TO DEFENDANTS JAMES G. FLEMING, LYSLE HALL, JR. AND GERARD H. AUSTIN

LEVIN, District Judge.

The complaint in this case is in two counts. Count I alleges violation of the plaintiff's rights under the Civil Rights Act of 1871, 42 U.S.C. § 1983, § 1985(3), jurisdiction being based upon civil rights jurisdiction under 28 U.S.C. § 1332. Count II is for false arrest and malicious prosecution, jurisdiction being based upon diversity of citizenship, 28 U.S.C. § 1332. The original defendants are the Greyhound Corporation (more correctly "Greyhound Lines, Inc."); James G. Fleming and Lysle Hall, Jr., the prosecuting and chief assistant prosecuting attorneys respectively, of Jackson County, Michigan; Gerard H. Austin, the sheriff (since deceased), Glenn Mann, the undersheriff, and two unidentified deputy sheriffs of Jackson County, Michigan; and the County of Jackson.

The plaintiff alleges in his complaint and supplementary statement of facts that on April 12, 1964 he was traveling by Greyhound bus from Waterloo, Indiana to Detroit, Michigan. As plaintiff was changing buses in Marshall, Michigan, the bus driver noted that he had a revolver on his person, which was not concealed, and he informed plaintiff that he could not ride the bus unless the revolver was placed inside his luggage in the baggage compartment. Plaintiff objected that this would be a concealment of the gun, and that he did not have a concealed weapon permit. However, upon the driver's insistence, plaintiff complied with his directions.

At the City of Jackson, an intermediate point in his trip, the undersheriff and the two deputy sheriff defendants arrested the plaintiff. On the following day he was advised that this arrest was for possession of an unregistered gun.

He pleaded not guilty and was released on bond pending trial.

The plaintiff alleges that he informed the defendant prosecuting attorneys that he had a license to carry a gun under the United States Firearms Act. He further alleges that they made unremitting attempts to force him to plead guilty to possessing an unregistered gun and carrying a concealed weapon. He did not plead guilty. Although trial was set for May 14, 1964, it was adjourned and reset several times before plaintiff was finally tried and acquitted in November of 1965.

These acts of the defendants, plaintiff claims, deprived him of the equal protection of the laws and of his right to a speedy trial, and constituted a malicious prosecution and false arrest without probable cause. He alleges these acts were part of a conspiracy on the part of all the defendants to deprive him of his constitutional rights.

On February 19, 1968 I granted the Motion to Dismiss of defendant County of Jackson as to both counts. Dismissal as to the civil rights count was dictated by the holding of the United States Supreme Court in Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that municipal corporations and other political subdivisions, including counties, were not intended by Congress to be within the ambit of the Civil Rights Act of 1871.

The County was entitled to dismissal on the false arrest and malicious prosecution count by virtue of the Michigan Constitution of 1963, Article VII, Section 6; the common law doctrine of governmental immunity; and Act No. 170 of the Public Acts of 1964, M.S.A. § 3.-996 (107) Comp.Laws Mich.1948, § 691.-1407.

At common law, judges are given immunity from civil suits for damages for their judicial acts when they have jurisdiction over the subject matter and parties. This immunity was not abrogated by the Civil Rights Act of 1871, and, in fact

"This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L. Ed.2d 288 (1967).

■■ Prosecuting attorneys are generally considered to enjoy an immunity similar to that accorded judges by the common law for acts within their authority. Prosser, Torts, § 113 at 855 (3rd ed. 1964). A prosecuting attorney may be liable for malicious prosecution or false arrest where the prosecuting attorney is acting outside the authority and jurisdiction conferred upon him. Schneider v. Shepherd, 192 Mich. 82, 158 N.W. 182, L.R.A.1916F, 399 (1916); Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Lewis v. Brautigam, 227 F. 2d 124, 55 A.L.R.2d 505 (5th Cir. 1955). However, a prosecuting attorney is generally found to have immunity and to be acting in his quasi-judicial capacity when he recommends a warrant be issued upon a complaint. Yaselli v. Goff, 12 F.2d 396, 56 A.L.R. 1239 (2d Cir. 1926), aff'd per curiam 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395; Prosser, op. cit. supra; 34 Am.Jur., Malicious Prosecution, § 88; 3 Restatement, Torts, § 656.

■ On the question of the applicability of the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, to prosecuting attorneys, the courts of appeals that have considered the question have concluded that prosecuting attorneys enjoy an immunity from liability similar to that of judges by virtue of their quasi-judicial function. See cases cited in Bauers v. Heisel, 361 F.2d 581, 586, note 7 (3rd Cir. 1966). That is the rule in this circuit. Kenney v. Fox, 232 F.2d 288 (6th Cir. 1956), cert. denied sub nom., Kenney v. Killian, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956); Puett v. City of Detroit, 323 F.2d 591 (6th Cir. 1963); Hurlburt v. Graham, 323 F.2d 723 (6th Cir. 1963).

"The key to the immunity previously held to be protective to the prosecuting attorney is that the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process." Robichaud v. Ronan, supra, 351 F.2d p. 536.

■■ Thus, unless defendants Fleming and Hall acted beyond their jurisdiction and authority, no liability can be founded upon the Civil Rights Act of 1871, or upon the Michigan tort rules relating to malicious prosecution and false arrest. The prosecution of the plaintiff was within the authority of the defendant prosecuting attorneys. Mich. Comp.Laws 1948, § 49.153, M.S.A. § 5.-751. The alleged threats and attempted coercion of a plea of guilty were not within the quasi-judicial authority of prosecutors and therefore not within their immunity, Robichaud v. Ronan, supra; Lewis v. Brautigam, supra. However, these acts could not of themselves have deprived the plaintiff of any constitutional rights because he did not in fact plead guilty and was afforded a fair trial.

The Court finds nothing in the complaint or in the plaintiff's Supplemental Statement of Facts that justifies continuance of the action against defendants Fleming and Hall. It would appear that the prosecutors had probable cause to recommend issuance of the warrant. It was indeed not a false arrest. Perhaps these defendants used poor judgment in recommending that the plaintiff be held, but there is nothing to indicate that they acted beyond their jurisdiction. As stated earlier in this memorandum, the plaintiff did not plead guilty because of the alleged pressure. He was given a fair trial by a jury and there is nothing alleged that would indicate an actionable injury to him and justify this action under either Count I or Count II of the complaint.

■ As to defendant Gerard H. Austin, it is unnecessary to decide whether the action against him survived his death. As sheriff, Mr. Austin had the duty to take the warrant, whether or not properly issued, and arrest the plaintiff. The situation is quite analogous to that found in Pierson v. Ray, supra, 386 U.S. p. 555, 87 S.Ct. p. 1218, where the Court wrote that

"A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does."

Mr. Austin could not have been held liable for enforcing the arrest warrant, and the action against him must be dismissed.

It is hereby ordered that the motion to dismiss as to defendants James G. Fleming and Lysle Hall be and the same is hereby granted. The action against the deceased defendant Gerard H. Austin is also dismissed.