John **MYERS**

v.

Vincent A. **COUCHARA**, Esquire.

Civ. A. No. 70–1137.

United States District Court,
E. D. Pennsylvania.

May 19, 1970.

John Myers, pro se.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

■ The plaintiff seeks leave to prosecute this Civil Rights action under 42 U.S.C. §§ 1983 and 1985 [1] *in forma pauperis*. 28 U.S.C. § 1915(a). The proposed defendant was plaintiff's privately retained counsel. In substance, the complaint alleges that: (1) the defendant refused to represent plaintiff at a parole hearing; (2) the defendant conspired with the District Attorney's Office of Montgomery County to convince plaintiff to plead guilty in return for a lighter sentence; (3) the defendant withdrew from the case "without legal authority because plaintiff would not cooperate with him and the District Attorney * * *"; and (4) the defendant impeded plaintiff's ability to obtain new counsel by refusing to refund plaintiff's money.

■ Under the law of this Circuit, attorneys, as private individuals acting in a professional capacity, are immune from suit under 42 U.S.C. §§ 1983 and 1985 because they do not act under color of state law. Pugliano v. Staziak, 231 F. Supp. 347, 351 (D.C.), aff'd per curiam, 345 F.2d 797 (3rd Cir. 1965); see also Peake v. County of Philadelphia, 280 F.Supp. 853 (E.D.Pa.1968). This, without more, is enough to deny plaintiff's petition as to allegations (1), (3) and (4), *supra*.[2]

■ We recognize that there may be cases where an attorney acts in conspiracy with state officers such that the attorney may lose his immunity to suit under the Civil Rights Act. See Pugliano v. Staziak, *supra*. This, however, is not such a case. Here, in allegation (2), *supra*, plaintiff asserts that the defendant conspired with the District Attorney, who ostensibly acts under color of state law, to convince the plaintiff to plead guilty in return for a lighter sentence. The plaintiff complains that this alleged activity erased his presumption of innocence and "deprived him of equal protection and due process of law." We find this contention to be plainly lacking in merit. The mere fact that defense counsel enters into "plea bargaining" with a District Attorney does not, in our view, deprive a defendant of any right, privilege or immunity secured by the Constitution or laws. Indeed, the United States Supreme Court has recently upheld the constitutionality of plea bargaining. Brady v. United States, 397 U.S. 742, 750–753, 90 S.Ct. 1463, 1470–1471, 25 L.Ed.2d 747 (May 4, 1970). Further, the plaintiff here was not compelled to follow the advice of his counsel and, in fact, it appears that he refused to do so, which resulted in counsel's withdrawal from the case.

On the basis of the above, we find plaintiff's complaint to be wholly lacking in merit and will, accordingly, deny his petition for leave to proceed in forma pauperis. Lockhart v. D'Urso, 408 F.2d 354 (3rd Cir. 1969).

---

1. Plaintiff also cites 18 U.S.C. § 241 as a ground for his action. However, this section, which provides for punishment by fine or imprisonment for deprivation of certain Federal rights, privileges or immunities, has no application to a civil suit under the Federal Civil Rights Act, 42 U.S.C. § 1981 et seq. Pugliano v. Staziak, 231 F.Supp. 347 (D.C.1964), aff'd per curiam, 345 F.2d 797 (3rd Cir. 1965); Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957).

2. We should note that plaintiff collaterally complained of the defendant's alleged conduct to the Pennsylvania Bar Association. After an investigation by the Montgomery County Bar Association, plaintiff, on February 7, 1969, was informed of their finding that he was "properly represented" and "no evidence of misconduct" was found.