**Harold Ben GOLDEN, a minor, by Ben Hansen, his next friend, Plaintiff,**

v.

**Justin M. SMITH, Ross Davis, Norman E. Harper, Mitchell A. Karaman, De Armond Leigh, Jim Williams, John Anderson, E. Wayne Lofton, Philip Gilson and Fred Milbrat, Defendants.**

Civ. No. 70–614.

United States District Court, D. Oregon.

Feb. 12, 1971.

Gary K. Jensen, Dwyer & Jensen, Eugene, Or., Nick Chaivoe, Peterson, Chaivoe & Peterson, Portland, Or., for plaintiff.

Hugh B. Collins, James A. Redden, Collins, Redden, Ferris & Velure, Medford, Or., for defendants Smith, Davis, Karaman, Leigh, Williams and Anderson.

## OPINION

SOLOMON, Chief Judge:

Harold Ben Golden (plaintiff) filed this civil rights action against Justin M. Smith, District Attorney for Jackson County, Oregon; Ross Davis and Norman E. Harper, Deputy District Attorneys for Jackson County; Mitchell A. Karaman, District Judge for Jackson County; DeArmond Leigh, Sheriff of Jackson County; Jim Williams and John Anderson, Deputy Sheriffs of Jackson County; E. Wayne Lofton, Chief of Police for the City of McMinnville, Oregon; and Philip Gilson and Fred Milbrat, police officers of the City of McMinnville, seeking damages under the Civil Rights Act, 42 U.S. C. § 1983.

Plaintiff in his complaint alleges that the defendants, acting individually and in concert, under color of Oregon law, illegally arrested and detained him under a state statute which had been repealed. Plaintiff further alleges that this conduct deprived him of his liberty without due process of law.

Defendants Smith, Davis, Karaman, Leigh, Williams and Anderson have each moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Their motions are supported by affidavits and exhibits setting forth the facts on the issuance of the complaint and warrant and on the arrest, as well as on the facts on which they claim good faith. Plaintiff did not submit, by way of affidavit or other document, special facts which show that there is a genuine issue of fact. Summary judgment may be granted to the moving parties if their affidavits and exhibits adequately support their motions. Parties opposing motions for

summary judgment cannot rest solely on the allegations or denials in their pleadings. Rule 56(e), Fed.R.Civ.P.; Town House, Inc. v. Paulino, 381 F.2d 811 (9th Cir. 1967).

From the pleadings, affidavits and exhibits, the following uncontroverted facts appear.

The plaintiff is 20 years old and unmarried. He resides in Ashland, Oregon, which is in Jackson County. The plaintiff is the father of a child born out of wedlock on July 26, 1969, in Jackson County to a Miss Wright (then age 16).

On August 27, 1969, Miss Wright filed filiation proceedings in Jackson County pursuant to ORS 109.110–109.-230 by swearing to a complaint which named the plaintiff as the father. Deputy District Attorney Ross Davis prepared a warrant for plaintiff's arrest as provided by ORS 109.110, and District Judge Mitchell Karaman signed the warrant.

On the same day, the arrest warrant was delivered to the Jackson County Sheriff's office. Deputy Sheriff Jim Williams was unsuccessful in his attempt to arrest the plaintiff at his residence in Ashland because plaintiff was a student at Linfield College in McMinnville, Yamhill County, Oregon. On September 9, 1969, when plaintiff's whereabouts became known to them, Sheriff Leigh and Deputy Sheriff Williams requested the Yamhill County authorities to arrest and hold plaintiff under the Jackson County arrest warrant. Plaintiff was arrested and held in McMinnville until September 11, 1969, when Deputy Sheriffs Williams and Anderson came to McMinnville and returned plaintiff to Jackson County.

While plaintiff was being driven from McMinnville to Jackson County, Deputy District Attorney Ross Davis learned that ORS 109.110–109.210 had been repealed five days before the warrant of arrest had been issued. Davis immediately moved to dismiss the proceedings. District Judge Karaman granted the motion, and ordered the plaintiff released. The plaintiff was released on his arrival at the Jackson County Jail. None of the defendants knew that the statute had been repealed.

The new statute governing filiation proceedings abandoned the criminal arrest procedure, and provided for the filing of a civil suit with jurisdiction in the circuit courts. ORS 109.135. The statute requires that the putative father be personally served with the complaint and a citation requiring him to appear between 20 and 30 days from the date of service. ORS 109.125.

On November 6, 1969, Miss Wright, the mother of the child, filed a petition under the new statute to establish paternity and to provide for child support. Plaintiff appeared and answered the petition on January 8, 1970, and later plaintiff and Miss Wright entered into an agreement, approved by the court, in which the plaintiff admitted paternity and in which he agreed to pay the costs incident to the birth of the child and $50.00 a month for child support.

The plaintiff does not deny these facts. Instead, he contends that the defendants are liable because the District Judge had no jurisdiction to issue a warrant for the plaintiff's arrest. The plaintiff argues that "ignorance of the law is no excuse," and that the officers executing the warrant acted at their peril. The plaintiff offers no relevant authority to support this argument.

The undisputed facts disclose that Sheriff Leigh and Deputy Sheriffs Williams and Anderson acted in good faith when they secured the plaintiff's arrest and delivery to Jackson County. They did not know that the statute authorizing the arrest warrant had been repealed. A law enforcement officer incurs no civil liability when he executes a court order regular on its face which the officer does not know to be invalid. Haigh v. Snidow, 231 F.Supp. 324 (S.D. Cal.1964); Summers v. McNamara, 239 F.Supp. 806 (D.Or.1965).

■ Although District Judge Karaman exceeded his jurisdiction when he issued the arrest warrant, he, too, acted in good faith and without knowledge that the authorizing statute had been repealed. The Civil Rights Act, 42 U.S.C. § 1983, did not abolish the immunity of judges for their judicial acts. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

The plaintiff relies on the case of Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871). In that case the Supreme Court distinguished between acts in excess of jurisdiction, for which a judge is immune, and acts done in "clear absence of all jurisdiction over the subject matter," for which there is no immunity. The Court explained the basis for the distinction:

"Where there is clearly no jurisdiction over the subject matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. * * * Thus, if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of a usurped authority." 80 U.S. at 351–352.

Here, District Judge Karaman did not know he lacked jurisdiction; he is therefore immune.

■ Ross Davis, the Deputy District Attorney who prepared the warrant, also acted in good faith and without knowledge of his lack of authority. Prosecutors, as quasi-judicial officers, have an immunity similar to that of judges for acts which constitute an integral part of the judicial process.

The plaintiff contends that Deputy District Attorney Davis was outside the scope of his quasi-judicial role because he lacked criminal jurisdiction over the plaintiff. This is not a case like Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965), in which the prosecutor acted as a policeman in coercing a confession from a suspect. It is similar to Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966), in which a prosecutor was held immune for his actions in procuring the indictment, conviction and sentence of a minor in a county court, even though jurisdiction over minors was lodged exclusively in the Juvenile and Domestic Relations Court.

■■ A prosecutor is acting quasi-judicially when he recommends a warrant be issued on a complaint. Link v. Greyhound Corporation, 288 F.Supp. 898 (E.D.Mich.1968). I find that Deputy District Attorney Davis acted in his quasi-judicial role. Justin M. Smith, the Jackson County District Attorney, did not participate in any way in the proceedings against the plaintiff. Neither the District Attorney nor his deputy Smith is liable.

Plaintiff's complaint alleges a conspiracy among the defendants. The undisputed evidence shows no conspiracy.

The defendants' motions for summary judgment are granted.