**REGO TRADING CORP. et al.,
Plaintiffs-Petitioners,**

v.

**Harold BIRNS et al., Defendants-
Respondents.**

No. 73 Civ. 948.

United States District Court,
S. D. New York.

May 31, 1973.

**1342**

Thomas J. O'Brien, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., for defendants Birns, Hogan and Fine, Stanley L. Kantor, Deputy Asst. Atty. Gen., of counsel.

### MEMORANDUM

BONSAL, District Judge.

Plaintiffs, Rego Trading Corp. ("Rego") and two of its officers, Geller and Jacobson, instituted this action on March 2, 1973, under 28 U.S.C. § 1343, alleging the violation of their rights under the Fourth and Fourteenth Amendments to the Constitution, and of the Civil Rights Act (42 U.S.C. § 1983). The defendants are Honorable Harold Birns, Justice of the Supreme Court, New York County; Honorable Frank S. Hogan, District Attorney, New York County; John Fine, Assistant District Attorney, New York County; and several police officers of the City of New York. In their complaint, plaintiffs allege that on February 2, 1973, Rego's premises at 301 West 39th St., New York City, were searched and certain property described in the complaint was removed from the premises and has not been returned. Plaintiffs allege that the search was unlawful, based on a search warrant issued by Justice Birns which was based in whole or in part on a false affidavit; that the search warrant was issued without any showing of probable cause that Rego's premises were used in the commission of a crime; and that the warrant failed to describe with particularity the property to be seized thereunder. The complaint further alleges that on Feburary 9, 1973 the defendant Fine directed the Chase Manhattan Bank to refuse to accept deposits from Rego or permit it to withdraw funds from its account. Plaintiffs seek compensatory and exemplary damages and equitable relief in the form of an injunction against further "illegal" searches, and an order compelling the return of the property seized.

Defendants Birns, Hogan and Fine have not answered, but have moved pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for an order dismissing the complaint "for absence of federal jurisdiction and failure to state a claim for which relief can be granted against" them. In their brief, the moving defendants state that a search warrant was issued in an investigation being conducted into the crime of criminal usury and possession of usurious loan records at Rego's premises (N.Y. Penal Law, McKinney's Consol.Laws, c. 40, § 190.40). According to the defendants, the crime being investigated was that of "unscrupulous businessmen making small loans to the poor and deprived and exacting from them an exorbitant rate of interest." The moving defendants contend that since they are judicial or quasi-judicial officers of the State of New York, the action, to the extent that it seeks damages, must be dismissed as to them on the ground that the actions complained of were performed in the course of their official duties. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Scolnick v. Win-

ston, 219 F.Supp. 836 (S.D.N.Y.1963), aff'd sub nom. Scolnick v. Lefkowitz, 329 F.2d 716 (2d Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35 (1964); Dacey v. New York County Lawyers' Association, 423 F.2d 188 (2d Cir. 1969), cert. denied, 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970); Yaselli v. Goff, 12 F.2d 396 (2d Cir. 1926), aff'd per curiam, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927). The moving defendants further contend that the complaint does not state facts sufficient to warrant this Court's interference with the State court's processes.

Solely for the purpose of the motion, the facts alleged in the complaint are accepted as true. Lumbermens Mutual Casualty Co. v. Borden Co., 241 F.Supp. 683, 691 (S.D.N.Y.1965); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744 (S.D.N.Y.1966). While the moving defendants state in their brief that the search was part of a continuing investigation, there is no showing that there are any proceedings pending against the plaintiffs in the New York courts. Compare Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

■ The complaint describes the moving defendants as a Justice of the Supreme Court, the District Attorney and Assistant District Attorney of New York County, and there is nothing in the complaint to indicate that they were not acting in the discharge of their official duties. Accordingly, the plaintiffs are not entitled to recover either compensatory or exemplary damages against the moving defendants. Pierson v. Ray, *supra*; Scolnick v. Winston, *supra*; Dacey v. New York County Lawyers' Association, *supra*; Yaselli v. Goff, *supra*.

■ Since there is no showing that any proceedings are pending against the plaintiffs in the New York courts, the holding in Younger v. Harris, *supra*, and its progeny do not apply. Plaintiffs are entitled to protection against unlawful searches and seizures and against interference with their lawful business activities, and to the return of their property if it was unlawfully seized, if they can prove such interference at trial. See Star Distributors, Ltd. v. Hogan, 337 F.Supp. 1362 (S.D.N.Y.1972); Bongiovanni v. Hogan, 309 F.Supp. 1364 (S.D.N.Y.1970).

■ Since, on the present complaint, it is not practicable to separate the legal and equitable relief sought by the plaintiffs the motion to dismiss the complaint as to the moving defendants is granted, with leave to the plaintiffs to serve an amended complaint on the moving defendants, alleging equitable relief only, within 20 days of the filing of the order to be settled herein.

Settle order on notice.