Norcott **CORBY**, Plaintiff,

v.

**GENERAL MOTORS CORPORATION et al., Defendants.**

No. 72 Civ. 5026–LFM.

United States District Court,
S. D. New York.
April 16, 1974.

Louis J. Lefkowitz, Atty. Gen., of N. Y., New York City, for defendants; Gene B. Mechanic, Deputy Asst. Atty. Gen., of counsel.

Norcott Corby, plaintiff pro se.

MacMAHON, District Judge.

Defendant, Stephan Fallis, an assistant district attorney for New York County, moves, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for an order dismissing the amended complaint as to him for failure to state a claim upon which relief may be granted.

Norcott Corby, plaintiff pro se, was convicted of manslaughter in the first

degree in Supreme Court, New York County. On April 3, 1970, he was sentenced to an indeterminate term of imprisonment of from 0 to 25 years. On April 16, 1973, he was released from incarceration and placed on parole.

Plaintiff sues Fallis, among others, under 42 U.S.C. §§ 1983 and 1985. He alleges that Fallis and the other defendants deprived him of his constitutional rights guaranteed by the Fourteenth Amendment.

Plaintiff claims that defendant General Motors Acceptance Corporation illegally repossessed his automobile prior to his trial, thereby making it, together with exculpatory evidence which it allegedly contained, unavailable at the trial. Defendant Fallis is alleged to have conspired to obstruct justice by releasing the automobile from official custody and " 'giving it away' to . . . General Motors Acceptance Corporation. . . . " Plaintiff also claims that Fallis based the prosecution of plaintiff on perjured testimony.

This motion to dismiss is founded upon the doctrine of prosecutorial immunity since the alleged wrongs committed by Fallis arose out of the performance of his official duties.

■■■ The doctrine of absolute official immunity has been somewhat eroded in actions under the Civil Rights Act of 1871. See Dale v. Hahn, 440 F.2d 633 (2d Cir. 1971); Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965). It is significant, however, that none of these cases dealt with prosecutorial immunity, and the decisions of the Second Circuit establish a broad rule of prosecutorial immunity in Civil Rights Act cases. Fanale v. Sheehy, 385 F.2d 866 (2d Cir. 1966); Scolnick v. Lefkowitz, 329 F.2d 716 (2d Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35 (1964). See also Palermo v. Rockefeller, 323 F.Supp. 478 (S.D.N.Y.1971); Simons v. O'Connor, 187 F.Supp. 702 (S.D.N.Y.1960). We see no circumstances justifying a departure from this well-established rule.

Accordingly, we dismiss the amended complaint as to defendant Fallis for failure to state a claim upon which relief may be granted.

So ordered.