Thomas Robert **LUNDBLADE**,
Plaintiff,

v.

Daniel **DOYLE**, Defendant.

No. 73 C 47.

United States District Court,
N. D. Illinois, W. D.

April 17, 1974.

58

Thomas Robert Lundblade, pro se.

Jay S. Judge and James R. Schirott, Judge, Hunter & Schirott, Park Ridge, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the amended complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

This is a pro se action seeking to redress the alleged deprivation of the plaintiff's civil rights guaranteed by the United States Constitution and protected by the Civil Rights Act of 1871, 42 U.S. C. § 1983.

The jurisdiction of this Court is apparently predicated on 28 U.S.C. §§ 1331 and 1343(3).

The plaintiff Thomas Robert Lundblade is presently incarcerated in the Illinois State Penitentiary at Joliet, Illinois. The defendant Daniel Doyle is an Assistant State's Attorney employed by the County of Winnebago.

The plaintiff, in his amended complaint, alleges, *inter alia*, the following facts:

1. On March 7, 1973 Daniel D. Doyle did refuse to act on information supplied to him by the plaintiff, that an offense of burglary took place, during the month of April, 1972, in the County of Winnebago, Illinois, at the plaintiff's home. Thus, the defendant Doyle denied the plaintiff "due process of law" and equal protection of law, under Article [Amend.] XIV of the Constitution of the United States.

2. Daniel D. Doyle has opposed attempts during the months of September and October of 1973, by the plaintiff, to seek release from incarceration. The defendant has instituted prosecution for four offenses of arson, which were allegedly dismissed in open court on motion of Daniel D. Doyle, and as to which he had agreed not to institute further prosecution regarding these charges as a result of plea negotiations between himself the plaintiff, and the plaintiff's attorney, Robert A. Hoad. Daniel D. Doyle has allegedly instituted prosecution upon four dismissed charges of arson, against the plaintiff, by means of submitting information of charges to the Parole and Pardon Board of the State of Illinois, using these

charges as a means of asserting the plaintiff's guilt, charging that the plaintiff is an "extremely unstable person and dangerous to the community". The plaintiff has never been convicted of these four charges of arson, nor has there been an indictment issued upon said charges. Daniel D. Doyle has seriously damaged the plaintiff's chances for consideration by the Parole and Pardon Board of the State of Illinois by using these four dismissed charges in opposition to the plaintiff's release. The defendant has thereby denied the plaintiff's right to "due process of law" and caused the plaintiff to be held answerable for an infamous crime, without presentment or indictment by a Grand Jury in violation of Article [Amends.] V and XIV of the Constitution of the United States.

3. On March 26, 1973, Daniel D. Doyle made statements to the plaintiff's parents, Mr. and Mrs. Arthur R. Lundblade, regarding the incarceration and future release of the plaintiff, assuring the parents that Thomas Robert Lundblade "would be home for Christmas, this year (1973)," and that the plaintiff would be eligible for parole within eight months after March 26, 1973, and that he would not oppose an early release for the plaintiff. The plaintiff is not eligible for parole until March of 1974, and Daniel D. Doyle has in fact opposed all attempts by the plaintiff to be released from incarceration. The defendant, Daniel D. Doyle, before March 26, 1973, had indicated to the plaintiff's attorney, Robert Hoad, that the plaintiff would be home on parole by Christmas of 1973. These statements were a deciding factor in the plaintiff's plea of guilty to the charge of arson. The statements made by Daniel D. Doyle on and previous to March 26, 1973, in regards to the plaintiff's eligibility for parole, and that he would not oppose early release were a deciding factor in the plaintiff's plea of guilty to the charge, and since these statements have since been proven false, there in fact has been a form of coercion initiated by the defendant Daniel D. Doyle in "coaching the plaintiff to enter a plea of guilty to the charge". This in essence is a violation of the 5th Article [Amend.] of the Constitution of the United States, in that "no person shall be compelled to be a witness against himself, in any criminal case".

The plaintiff in his amended complaint in essence alleges that the defendant, Daniel Doyle, violated plaintiff's constitutional rights by one or more of the following acts:

1. The defendant failed to act upon information supplied by the plaintiff, that a burglary had occurred at 359 Bankcroft Court, Rockford, Illinois and that the burglary was linked with the arson charges for which the plaintiff was being charged.

2. The defendant initiated "plea-bargaining" with the attorney representing the plaintiff, at certain criminal proceedings. As a result of those "plea-bargaining" conferences and the alleged representations of the defendant, the plaintiff pled guilty to certain charges and other charges were dismissed. The defendant has communicated the fact of the dismissed charges to the Illinois Parole and Pardon Board thus diminishing plaintiff's chances for parole in breach of the plea-bargaining agreement.

The defendant, in support of the instant motion, contends that the defendant Daniel Doyle's allegedly unconstitutional acts were within the quasi-judicial functions of a State's Attorney and are therefore clothed within immunity from suit under 42 U.S.C. § 1983.

It is the opinion of this Court that the instant motion is meritorious.

■ The principle of judicial immunity had been a settled doctrine of the English Courts for many centuries when adopted by our United States Supreme Court in Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871). This principle was not abolished by § 1983 which makes liable "every person" who under color of law deprives another person of his civil rights. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); cf. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). This immunity has been extended to prosecutors who are considered part of the judicial process. Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966), cert. denied 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Gabbard v. Rose, 359 F.2d 182 (6th Cir. 1966); Kenney v. Fox, 232 F.2d 288 (6th Cir. 1956); Boyd v. Huffman, 342 F.Supp. 787 (D.Ohio 1972); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963); Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); Jennings v. Nester, 217 F.2d 153 (7th Cir. 1955); cert. denied, 349 U.S. 958, 75 S.Ct. 888, 99 L.Ed. 1281 (1956).

■ Such doctrine is not for the benefit of the defendant but for the benefit of the public in whose interest it is that quasi-judicial officers should be at liberty to exercise their functions with independence and without fear of consequences.*

■ A prosecuting attorney has many duties involving the exercise of grave discretion in the performance of which he is a quasi-judicial officer representing the state. Ordinarily, when so acting, he cannot be compelled to answer to a private citizen for errors in the determination either of law or of fact.

■ In the instant amended complaint the plaintiff alleges that the defendant, Daniel Doyle, was at the time and place of the alleged incident an Assistant State's Attorney for Winnebago County. As an Assistant State's Attorney the defendant Daniel Doyle enjoys a quasi-judicial immunity for those acts done within the scope of his authority. See Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971); Scolnick v. Lefkowitz, 329 F.2d 716 (2nd Cir. 1964). The crucial question is whether or not the acts alleged in the amended complaint could be considered to be within the scope of the duties of an Assistant State's Attorney.

■ The amended complaint alleges that the defendant Daniel Doyle refused to act upon a complaint initiated by the plaintiff. In essence what the plaintiff complains of is that the defendant Daniel Doyle failed to recommend that a warrant should be issued in a certain case or an investigation commenced. However, it is well settled that under the Civil Rights Act of 1871, the exercise or failure to exercise such discretion with regard to the issuance of a warrant or the investigation of an allegation is within the scope of the quasi-judicial functions of a prosecuting attorney and thus immune from suit under § 1983. Scolnick v. Lefkowitz, *supra*; Golden v. Smith, 324 F.Supp. 727 (D. Or.1971); Link v. Greyhound Corp., 288 F.Supp. 898 (E.D.Mich.1968). Some courts have stated that the remedy in official non-feasance cases lies not with a federal court in a civil rights suit but with the executive branch and ultimately with the people and, also, in appropriate cases, with professional censure. Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y.1961); Lusk v. Hanrahan, 244 F.Supp. 539 (N.D.Ill.1965). It is clear that the decision whether or not to seek a warrant or further investigate an allegation is a matter within the duties assigned to an Assistant State's Attorney and not the proper subject matter of a Civil Rights suit under 42 U.S.C. § 1983.

* The considerations favoring prosecutorial immunity include that the threat of litigation may affect the integrity of a prosecutor's decision-making; frivolous lawsuits might occupy large portions of prosecutor's official time; and that potential liability might deter qualified people from public service.

Further, "plea-bargaining" and letters to the Illinois Parole and Pardon Board are matters which are part of the duties of an Assistant State's Attorney and within the prosecuting attorney's discretion. Such activities are not the proper subject matter of a civil rights suit under 42 U.S.C. § 1983. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Myers v. Couchara, 313 F.Supp. 873 (E.D.Pa. 1970).

Accordingly, it is hereby ordered that the defendant's motion to dismiss is granted and the cause is dismissed.