George **BOUFFIER**, Plaintiff,

v.

Louis J. **FRANK**, Police Commissioner of the Nassau County Police Department, et al., Defendants.

Stanley **REISERT**, Plaintiff,

v.

Louis J. **FRANK**, Police Commissioner of the Nassau County Police Department, et al., Defendants.

Nos. 74C 931, 74C 1518.

United States District Court,
E. D. New York.

Feb. 19, 1975.

Richard Hartman, Mineola, N. Y., for plaintiff.

John F. O'Shaughnessy, County Atty. of Nassau County, Mineola, N.Y. by James N. Gallagher, Deputy County Atty., for defendants Frank & Nassau City Police Dept.

Louis J. Lefkowitz, Atty. Gen. of the State of N. Y., New York City by Jeremiah Jochnowitz, Asst. Atty. Gen., for Arthur Levitt.

## MEMORANDUM AND ORDER

PLATT, District Judge.

In the above captioned actions defendants move to dismiss plaintiffs' complaints pursuant to Rule 12 of the Federal Rules of Civil Procedure on the grounds that this Court lacks jurisdiction over subject matter of these actions and the complaints fail to state claims upon which relief can be granted. The motions in each case were argued together by the same counsel in each case and hence a joint memorandum and order is being made herein. Duplicate originals will be filed in each case.

Heretofore both plaintiffs moved in their respective actions for preliminary injunctions restraining the defendants from terminating plaintiffs employment and after hearing argument and reading briefs from the parties in each case, this Court denied such applications.

Plaintiffs are Nassau County Police Officers appointed to the force in 1949 and 1946, respectively. At the time plaintiffs were appointed as Nassau County Police Officers they became members of the New York State Retirement System. Plaintiff Bouffier reached the age of 59 years on June 9, 1974 and was retired from the Nassau County Police Department on July 1, 1974 under the provisions of Section 385–a(h) of the New York State Retirement and Social Security Law. Plaintiff Reisert was retired under the same Section on November 30, 1974.

Subdivision (h) of Section 385–a of such Law provides for the mandatory retirement of a member of the Nassau County Police Department when he reaches the age of 59. Plaintiffs brought their actions attacking the constitutionality of such Section of the Law as being discriminatory against them due to their age.

By Chapter 564 of the Laws of 1965, Section 85–a of the Retirement and Social Security Law, now renumbered Retirement and Social Security Law, Section 385–a, was enacted. By the provisions of this Section a Nassau County policeman could elect to contribute thereunder and thereby become eligible for retirement at one-half of his final average after serving 20 years and such electing policeman agreed to retire at the end of the calendar month in which he attained the age of 59.

On October 26, 1963, the plaintiff Bouffier, and on September 30, 1965, the plaintiff Reisert, signed and filed written elections to contribute under Section 85–a and authorized deductions to be made in accordance with its provisions; such elections reading in pertinent part as follows:

"TO THE COMPTROLLER OF THE STATE OF NEW YORK:

"I hereby withdraw any election I have made to contribute under the provisions of Section 71–a or Section 85 and elect to contribute under the provisions of Section 85–a of the Retirement and Social Security Law, as provided by Chapter 564 of the Laws of 1965."

which form was then signed and acknowledged by the respective plaintiffs.

Section 7 of Article V of the New York State Constitution provides that membership in any Retirement System of the State of New York or of a civil division thereof shall be a contractual

relationship, the benefits of which shall not be diminished or impaired.

Notwithstanding such provisions of the New York State Constitution and the aforesaid affirmative written elections made by each of them, the plaintiffs claim that the defendants' action in "forcing" retirement of the plaintiff(s) at age 59 is a violation of the plaintiffs' constitutional guarantees and Title 42 United States Code Section 1983 in that it is discriminatory, arbitrary, irrational and unreasonable.

Specifically plaintiffs argue that the discriminatory nature of Section 385–a is shown in Section 384–d of the same Law which sets forth a 62 year old mandatory retirement age as being applicable to every other Police Department in the State of New York except the State Police, Garden City Police Department and the Nassau County Police Department. Plaintiffs claim that Section 384–d affects 90% of the Police Officers in the State of New York, that such discrimination is material and substantial in that if they are forced to retire at the age of 59 there will be a three year gap in which they will not be able to contribute to Social Security and will not only not receive benefits until they reach 62 but when they attain the age of 62 years they will receive reduced benefits.

■■ Preliminarily, the Court notes that none of the parties in either action have requested a three-judge court, and it would appear that they would not be entitled thereto in any event in that Section 385–a of the New York State Retirement and Social Security Law does not appear to be a law of statewide application. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967). Three-judge District Courts are not required where, though the constitutionality of a statute is challenged, defendants are local officials and the suit involves matters of interest only to a particular municipality or district. Pierre v. Jordan, 333 F.2d 951 (9th Cir. 1964),

cert. denied 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565.

Secondly, the defendants Frank and Levitt argue that they are sued in their official and not individual capacities herein and the defendant Nassau County Police Department is an agency of the County Government of Nassau County and hence collectively they claim that they are not subject to suit under 42 U.S.C. § 1983, citing Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Accord, Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

Furthermore, they argue that since these are actions for declaratory judgments and injunctive relief, claims by the allegedly illegally discharged policemen for reinstatement should be dismissed as to Police Commissioner Frank and Comptroller Levitt in their individual capacities since as individuals, rather than officials, they are powerless to order reinstatement. O'Brien v. Galloway, 362 F.Supp. 901 (D.Del.1973); Rego Trading Corp. v. Birns, 361 F.Supp. 1341 (S.D.N.Y.1973).

■ It has consistently been held, however, since Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that suits may be brought against public officials to enjoin them from invading constitutional rights. Griffin v. County School Board, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964) see Georgia R.R. & Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, 96 L.Ed. 335 (1952); O'Brien v. Galloway, supra; Rego Trading Corp. v. Birns, supra.

Quite apart from the foregoing, and assuming an adequate jurisdictional basis for these suits, the law in question would not appear to be discriminatory or in any other way unconstitutional.

■ In the first place, such discrimination as might be said to exist is of plaintiffs' own making. They had their choice of electing to continue to make contributions under the provisions of

Section 71–a or Section 85 of the Retirement and Social Security Law and retire at 62 or to contribute under the provisions of Section 85–a of such Law and retire at 59. Both of them opted for the latter and are bound by their own choice. One who has had his cake, so to speak, may not claim that he is being discriminated against because he may not now eat it too.

Moreover, as was said in Boyle v. City of Philadelphia, 338 Pa. 129, 12 A.2d 43 (1940):

" '. . . the power is inherent in a municipality to prescribe reasonable and nondiscriminatory superannuation classifications, similar to those here set up, with respect to its . . . policemen. Experience has demonstrated that generally one who has attained the age of sixty or sixty-five does not possess the physical vitality or energy of a younger man. Some maximum age limitation is particularly desirable, in fact necessary, for . . . patrolman, because the duties of those positions demand a greater degree of physical vigor and alertness than that exacted of superior officers. Such employees are frequently required to perform work which is strenuous and dangerous. They must possess physical fitness and a mental attitude that will cause them to disregard personal safety in the public service. While there are some individual exceptions, it is undoubted that the man of sixty is not as physically able to perform exhausting duties as is a younger man. Certainly, it is also true that he has developed a mental attitude of caution to danger that would be disregarded by one more youthful. Acts of strength, endurance, and bravery are not usually performed by men of three score years. They are generally physically incapable of such action. Whether the age at which the average man's physical and mental conditions show him unfit for strenuous and hazardous work is fifty, sixty, or seventy is a question determined by the exercise of sound discretion based on experience.' "

In other words, maximum age limitations of 50, 60 or 70 for patrolmen may reasonably be determined to be necessary in "the exercise of sound discretion based on experience." Compare also Weiss v. Walsh, 324 F.Supp. 75 (S. D.N.Y.1971, Tyler J.), aff'd 461 F.2d 846 (2d Cir. 1972), cert. denied 409 U.S. 1129, 93 S.Ct. 939, 35 L.Ed.2d 262 (1973); and Air Line Pilots Association, International v. Quesada, 276 F.2d 892 (2d Cir. 1960); and McIlvanie v. Pennsylvania State Police, 6 Pa.Cmwlth. 505, 296 A.2d 630, aff'd 454 Pa. 129, 309 A.2d 801 (1973), app. dismissed 415 U.S. 986, 94 S.Ct. 1583, 39 L.Ed.2d 884.

As Judge Tyler said in the *Weiss* case, *supra* (324 F.Supp. 75 at p. 77), in denying plaintiff's claims of discrimination under the Fourteenth Amendment:

" . . . But being a classification that cuts fully across racial, religious and economic lines, and one that generally bears some relation to mental and physical capacity, age is less likely to be an invidious distinction. Even where the Equal Protection Clause is buttressed by the Sixth Amendment's cross-sectional principle respecting jury selection, the Constitution tolerates some variation in eligibility at the ends of the age spectrum. (Citing cases) Nor is there a constitutionally mandated minimum age for voting in state and local elections. (Citing cases) * * * It cannot be said, therefore, that age ceilings upon eligibility for employment are inherently suspect, although their application will inevitably fall unjustly in the individual case. If the precision of the law is impugnable by the stricture of general applicability, vindication of the exceptional individual may have to attend the wise discretion of the administrator."

From what has been said by the courts on the subject to date, the law seems clear that plaintiffs have failed to state a claim upon which relief can be

granted and accordingly their complaints must be dismissed.

So ordered.

The Clerk is directed to mail a copy of this Memorandum and Order to counsel for the respective parties and to file duplicate originals of the same in each of the above-captioned files.