381 F.2d 811
 TOWN HOUSE, INC., et al., Appellants,
v.
Jesus S. N. PAULINO et al., Appellees.
JONES & GUERRERO COMPANY, Inc., Appellant,
v.
Jesus S. N. PAULINO and Vicente L. San Nicolas and Commercial Insurance Co. of Newark, New Jersey, Appellees.
 No. 20731.
 No. 21112.
 United States Court of Appeals Ninth Circuit.
 August 11, 1967.
 Rehearing Denied September 20, 1967.
 
 Arriola, Bohn & Gayle, Agana, Guam, and Walnut Creek, Cal., for appellants.
 Barrett, Ferenz & Trapp, Agana, Guam, and Oakland, Cal., for appellee, Paulino.
 Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., E. S. Terlaje, Agana, Guam, for appellee, San Nicolas.
 E. R. Crain, Agana, Guam, for appellee, Commercial Ins. Co. of Newark, N. J.
 Before POPE, JERTBERG and BROWNING, Circuit Judges.
 JERTBERG, Circuit Judge:
 
 
 1
 Before us are two appeals. One is an appeal from a judgment for money damages entered upon a jury verdict in favor of Jesus S. N. Paulino and Vicente L. San Nicolas [plaintiffs in the District Court and appellees here], and against Jones & Guerrero Company, Inc., [defendant in the District Court and appellant here].
 
 
 2
 The other appeal is from the summary judgment entered in favor of Commercial Insurance Co. of Newark, New Jersey, [third-party defendant in the District Court and an appellee here], and against Jones & Guerrero Company, Inc., [third-party plaintiff in the District Court and appellant here].
 
 
 3
 The jurisdiction of the district court was predicated upon Section 22(a) of the Organic Act of Guam [72 Stat. 178 (1958), 48 U.S.C. § 1424(a)] and Section 82(4) of the Guam Code of Civil Procedure, in that the amount alleged to be in controversy exceeded the sum of $2,000.00 exclusive of costs and interest. Jurisdiction of this court on appeal is under 28 U.S.C. §§ 41, 1291, and 1294(4).
 
 
 4
 Plaintiffs Paulino and San Nicolas filed suit in the District Court of Guam for personal injuries alleged to have been sustained when the cables on an elevator in the warehouse section of Jones & Guerrero Company's Town House Department Store broke, causing the elevator cage in which plaintiffs were riding to fall eleven feet, shearing off Paulino's right arm and causing personal injuries to San Nicolas. While this suit was pending, Jones & Guerrero Company filed in the pending action a third-party complaint against Commercial Insurance Co. of Newark, New Jersey, alleging that under policies of insurance issued to it, the insurance company agreed to pay, on its behalf, all sums up to $100,000 for each accident which it became legally obligated to pay as damages because of bodily injuries sustained by any person, caused by accident or arising out of the ownership, maintenance and use of the premises and all of its operations. The third-party complaint prayed judgment over and against the insurance company for all sums that may be adjudged in favor of Paulino and San Nicolas and against plaintiff.
 
 
 5
 Following trial in the main case, the jury returned a verdict in favor of Paulino in the sum of $70,000, and in favor of San Nicolas in the amount of $1,200, and against the appellant, and judgment on the jury verdict was thereafter entered.
 
 
 6
 Prior to jury trial in the main case, the insurance company filed its motion for a summary judgment in its favor and against appellant. Following a hearing on the motion, a summary judgment was entered in favor of the insurance company and against the appellant.
 
 
 7
 We first consider the appeal in the main case. On this appeal, appellant contends:
 
 
 8
 1. That the evidence is insufficient as a matter of law to establish negligence on the part of appellant;
 
 
 9
 2. That the evidence is sufficient as a matter of law to establish contributory negligence upon the part of Paulino and San Nicolas;
 
 
 10
 3. That the evidence is sufficient to establish as a matter of law that Paulino and San Nicolas were mere licensees on appellant's premises;
 
 
 11
 4. That the verdict is contrary to the great weight of the evidence, and is contrary to law; and
 
 
 12
 5. That the district court erred in refusing to read to the jury appellant's requested instruction No. 9, dealing with the subject of "assumption of risk."
 
 
 13
 We have carefully reviewed the record before us in light of the contentions made on this appeal. We find that the verdict of the jury, and the implied findings of fact therein, are abundantly supported by the evidence and by the record and the applicable law. We find no merit in appellant's contention that the court erred in refusing appellant's instruction No. 9.
 
 
 14
 The judgment appealed from is affirmed.
 
 
 15
 We now consider the propriety of the order of the district court granting the summary judgment in favor of the insurance company.
 
 
 16
 The third-party complaint against the insurance company contains two counts. The first count alleges the issuance by the insurance company to appellant of two policies of insurance, one issued on or about the 10th day of August, 1964, of an Owners', Landlords', and Tenants' Liability Policy of Insurance, bearing No. 82-13925, and the other issued on or about the 1st day of January, 1965, of a Manufacturers' and Contractors' Liability Policy of Insurance, bearing No. 81-13643.
 
 
 17
 It is further alleged that both policies were in full force and effect on January 20, 1965, the date on which Paulino and San Nicolas sustained their injuries.
 
 
 18
 The affidavits filed by the parties, and considered by the court on the hearing of the motion for summary judgment, disclose conclusively that both policies excluded any liability on the part of the insurance company for accidents arising out of the ownership, maintenance, or use of any elevator, and that no genuine issue of a material fact exists in respect to the coverage of said policies.
 
 
 19
 Count two of the complaint alleges that on or about the 10th day of August, 1964, appellant requested of the insurance company an Owners', Landlords' and Tenants' Liability Policy covering all properties of appellant, including but not limited to the premises occupied by Town House, and the elevator located therein, under the terms of which said policy the insurance company would be bound to pay, on behalf of appellant, all sums which appellant would become legally obligated to pay as damages because of bodily injury sustained by any person, caused by accident and arising out of the ownership, maintenance, or use of the premises and all operations of the appellant.
 
 
 20
 It is further alleged that appellant paid the premium on such insurance policy relying on the insurance company for coverage of all of the premises of appellant, including the elevator, and that appellant did not receive its written policy of insurance until on or about May 8, 1965, several months after the accident for which Paulino and San Nicolas claim injury.
 
 
 21
 It is further alleged that the insurance company, by its failure to deliver the policy of insurance above mentioned until months after the accident, is estopped to deny that said policy of insurance does not cover the elevator located within the Town House premises.
 
 
 22
 Count two of the complaint relates only to a policy issued on or about the 10th day of August, 1964. The third-party defendant insurance company, in its affidavit supporting the motion for summary judgment, stated that the insurance policy in question had been successively renewed for ten years, and that they had sent a renewal policy to the third-party plaintiffs along with a bill for premiums, which was subsequently paid. It is further stated that the third-party plaintiffs had not requested extension of coverage to include the elevator until after the accident in question.
 
 
 23
 In their affidavit opposing the motion, the third-party plaintiffs alleged that an insurance adjuster had investigated the accident; that the insurance company's agent had notified them that the elevator was not covered by the policy, and that prior to the accident the third-party plaintiffs had relied on coverage of the elevator because the insurance company had never notified them otherwise.
 
 
 24
 Neither the third-party complaint, nor the affidavit in opposition to the motion for summary judgment states facts establishing that the defendant insurance company had notice of plaintiffs' intent to include the elevator within the policy, nor have plaintiffs presented any evidence of actions by the insurance company which misled them concerning the policy coverage.[1]
 
 
 25
 The third-party plaintiffs here only allege that they had desired such coverage and assumed it was in effect.
 
 
 26
 Under the 1963 amendment to Rule 56(e), Federal Rules of Civil Procedure, it is clear that the party opposing a motion for summary judgment cannot rest solely on the allegations contained in its pleadings. Upon submission by the movant of an adequately supported motion for summary judgment, the burden of proof falls to the opposing party, who must come forward with facts, and not allegations, to controvert the moving party's case.[2]
 
 
 27
 The motion of third-party defendant in this case was adequately supported. However, the third-party plaintiffs have not come forward with essential facts and have presented no evidence of misrepresentation by the defendant insurance company which evidence is essential to establish the existence of a genuine issue of material facts on the allegation of estoppel against the insurance company.
 
 
 28
 The order for summary judgment on the third-party complaint in favor of the insurance company is affirmed.
 
 
 
 Notes:
 
 
 [1]
 See Travelers Indemnity Co. v. National Indemnity Co., 292 F.2d 214, 221 (8th Cir. 1961)
 
 
 [2]
 Lundeen v. Cordner, 356 F.2d 169, 170 (8th Cir. 1966)