**ENRICO FARMS, INC., Plaintiff,**

v.

**H. J. HEINZ COMPANY et al., Defendants.**

**Robert PALLADINO, Intervenor-Plaintiff-Appellant,**

v.

**CONTADINA FOODS, INC.**

**No. 77–3760.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1980.

Decided Aug. 28, 1980.

Rehearing Denied Oct. 20, 1980.

Patrick Sullivan (on brief), Emmanuel P. Razeto, Oakland, Cal., for plaintiff.

Peter D. Byrnes, Seattle, Wash., for defendants.

Before BROWNING and KILKENNY, Circuit Judges, and EAST,* District Judge.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

Palladino appeals the District Court's Order and Partial Summary Judgment in favor of the defendant Contadina Foods, Inc. (Appellee) on his two ancillary contract claims. Palladino was an intervenor in the antitrust case of *Enrico Farms, Inc. v. H. J. Heinz Company.* We affirm. Palladino sought to prove the breach by Appellee of two written contracts for the sale and purchase of processing tomatoes by means of parol evidence to interpret or explain the contracts.

Palladino is a California grower, harvester and seller of processing tomatoes. Appellee buys and processes tomatoes. The first written contract between Palladino and Appellee is for the sale and purchase of tomatoes. The second written contract is for the sale of tomatoes by Edward Pippo to Appellee; and Palladino, as a harvester, is a third-party beneficiary of the Pippo contract.

The gist of Palladino's claim is that although both contracts contain written provisions allowing the Appellee, in time of glut, to place quotas on the quantity of tomatoes it would accept, he, Pippo and Appellee's field agent made oral modifications striking these provisions and providing instead that Appellee would purchase Palladino's and Pippo's entire outputs.

The District Court dismissed the claim under the Palladino-Appellee contract for the reason parol evidence cannot be received to contradict the terms of the written agreement and the Statute of Frauds requires that this agreement be in writing. The District Court dismissed the claim on the Pippo contract because Palladino could not reasonably rely on an oral statement

made by Contadina to Pippo since he knew Pippo had also signed a written contract containing the provision for prorate of the crop. The District Court was right.

"Parol evidence may be admitted to prove elements of an agreement not reduced to writing so long as the parties have not intended the writing to be a complete and final embodiment of their agreement and the parol evidence does not contradict the terms of the writing." *James G. Freeman & Associates, Inc. v. Tanner*, 56 Cal. App.3d 1, 9, 128 Cal.Rptr. 109, 114 (1976). We realize that an integration clause in the written agreement is not necessarily conclusive as to the parties' intent to include their entire agreement in the writing. *Masterson v. Sine*, 68 Cal.2d 222, 436 P.2d 561, 65 Cal.Rptr. 545 (1968). Nevertheless, as the above quoted language makes clear, the intent not to embody the complete agreement in the writing is only one condition that must be met before parol evidence may be admitted. The parol evidence must also "not contradict the terms of the writing." We, therefore, need not actually determine to what extent the written contract was integrated. The "threshold integration issue" referred to in *Royal Industries v. St. Regis Paper Co.*, 420 F.2d 449, 452 (9th Cir. 1969), need only be resolved in order to decide whether or not the parol evidence rule precludes admission of oral evidence that would add to or vary the terms of a written agreement. Similarly, *Masterson* is of no help to Palladino; it held that when a writing is not intended to embody the complete agreement of the parties, parol evidence may be admitted to prove a matter "on which the document is silent and which is not inconsistent with its terms." 65 Cal. Rptr. at 548, 436 P.2d at 564. We find no support for and reject Palladino's contention that, absent an integration, parol evidence may be admitted to directly contradict a written agreement.

Palladino's reliance upon this Court's decision in *Bell v. Exxon Co., U.S.A.*, 575 F.2d 714 (9th Cir. 1978), is misplaced. The written contract in *Bell* contained a provision for prorating the agreed gallonage supply of gasoline in the event of a shortage of the defendant-seller's supply of gasoline. Bell claimed that he was fraudulently induced to enter into the contract by relying upon sales representations of Exxon's sales representative "that despite the anticipated fuel supply shortage appellee would supply appellant's gasoline requirements if he entered into the new agreement." *Id.* at 715. This Court answered that claim in these words:

> "While it is true that the contract reserves to Exxon the right to make allocation of available gasoline supplies among its customers, appellant alleges that Mr. Apeles. represented to him that Exxon would exercise that right in a manner that fully protected his service needs, both because of prior representations and the relatively small amount of gasoline that he required. As such, the oral statements relied upon do not contradict the express terms of the agreement." *Id.* at 716.

For a contrary view, see the dissenting opinion of Judge Kennedy at p. 717:

> "Since the alleged oral promise contravened the rights Exxon reserved to itself in the May 17, 1973 agreement, evidence of the oral statements is inadmissible under California law to prove fraud in inducement."

Here Palladino's complaint did not allege that the appellee's field agent's oral statements were fraudulent. At best, he claimed only that the quota purchase provision in time of glut was "waived" and the written contract modified.

We are firm in the conclusion that under the facts here, the parol evidence sought to be introduced by Palladino is in direct contradiction to the terms of the written contract.

The other issues presented by Palladino are without merit.

The Partial Summary Judgment entered by the District Court on October 3, 1977 is affirmed.

AFFIRMED.

KILKENNY, Circuit Judge, dissenting:

I would allow the petition for rehearing and remand the case to the district court

for a decision on whether the contracts in question were integrated as required by the decisions in *Masterson v. Sine*, 436 P.2d 561 at 563, 65 Cal.Rptr. 545 at 547 (1968); *In re Wm. Rakestraw Co.*, 450 F.2d 6 (CA9 1971), and *Royal Industries v. St. Regis Paper Co.*, 420 F.2d 449, 452 (CA9 1969). Beyond question, these cases hold that the court must first decide the intention of the parties on integration of the two contracts under consideration. I quote from *In re Wm. Rakestraw Co., supra*, at p. 8, where it is said:

"However, under California law, before the parol evidence rule may be applied, a preliminary determination must be made as to the integration of the contract, based on the parties' intent."

I find nothing in the record which would lead me to believe that the district court passed on the issue dealing with the integration of the contract or contracts.

Otherwise, we do not have a proper basis for affirming the district court's order and partial summary judgment in favor of appellee Contadina Foods, Inc.