961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack SATCHWELL, Plaintiff-Appellant,
v.
LONG JOHN SILVERS, INC., et al, Defendants-Appellees.
 No. 90-55649.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1992.*
Decided April 27, 1992.
 
 Before PREGERSON, D.W. NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Jack Satchwell appeals the district court's grant of summary judgment in favor of his former employer Long John Silver's (hereafter referred to by the name of its parent corporation "Jerrico"). Satchwell claims that his abrupt termination after more than a decade of service to the company breached an implied in fact contract to terminate Satchwell only for cause. We affirm the district court, although on a different ground than that relied upon below. Satchwell is correct in his assertion that a signed receipt for an employee handbook cannot be the basis of an express contract between the parties providing for Satchwell's employment at will. However, Satchwell has not presented evidence sufficient to rebut the usual presumption of employment at will.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 In 1986, Satchwell, who had worked for Jerrico for several years, received a copy of Jerrico's "Employee Information Guide" ("the Guide") through inter-office mail. The Guide expressly stated that all employees of Jerrico were employed at will. Attached to the Guide was a receipt, which Satchwell signed and returned to the company acknowledging the delivery of the Guide. This three-paragraph receipt stated that the Guide was provided for informational purposes only and was not intended to be an employment agreement. The receipt also stated, however, that the signing employee understood that his "employment and compensation can be terminated with or without cause, and with or without notice, at any time."
 
 
 4
 Jerrico also gave employees in management positions a copy of its "Administrative Policies and Procedures Manual." This manual contained a description of a progressive employee discipline system to be invoked when counseling, disciplining, and terminating employees. Supervisors were instructed to issue a series of verbal and written reprimands to employees to give them an opportunity to modify their behavior before being terminated. Furthermore, supervisors were told to file a written notice of unsatisfactory performance when terminating an employee. Satchwell himself invoked this progressive disciplinary procedure when deciding to terminate a supervisor of restaurants in the Las Vegas area. The manual also explicitly stated that some violations of company policy were considered severe enough to warrant immediate dismissal without resort to the progressive system detailed in the manual.
 
 
 5
 In June 1989, Satchwell was called into his supervisor's office and informed that he was being terminated immediately because of a problem with his loyalty. No disciplinary action had been initiated against Satchwell prior to his termination and he was not given an opportunity to rebut the still-unexplained charge of disloyalty. Satchwell then filed suit against Jerrico, alleging that Jerrico could fire him only for cause and only after it utilized the progressive discipline system. After briefing, the district court granted Jerrico's summary judgment motion on the ground that the employee information guide receipt constituted an express agreement that Satchwell was an at-will employee. This appeal followed.
 
 STANDARD OF REVIEW
 
 6
 A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 7
 In reviewing decisions of the district court, we may affirm on any ground finding support in the record. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). If the decision below is correct, it must be affirmed, even if the district court relied on the wrong grounds or the wrong reasoning. Id. at 508.
 
 DISCUSSION
 1. The Employee Information Guide Receipt
 
 8
 The parties vigorously dispute whether the employee information guide receipt constitutes an express integrated employment contract. If the receipt is a valid integrated agreement, then Satchwell would be precluded from introducing parol evidence tending to show the existence of an implied agreement contradicting a term of the express agreement.[1] Malmstrom v. Kaiser Aluminum & Chem. Corp., 187 Cal.App.3d 299, 316 (1986).[2]
 
 
 9
 As a preliminary matter, we note that the receipt cannot be considered a complete employment contract, because it only addresses one small aspect of the employment relationship and does not consider other issues such as salary and job description. However, "parties may intend that a writing finally and completely express certain terms of their agreement rather than the agreement in its entirety." Wagner, 216 Cal.App.3d at 1385. Therefore, the central question is whether the receipt is a final expression of the parties' intentions regarding at will employment, rather than an express employment contract in general.
 
 
 10
 Satchwell argues that the receipt was not an integrated writing because it did not contain an integration clause stating that the document was the complete and final embodiment of the employment relationship between the parties. Satchwell also points out that the receipt was a standardized pre-printed form and did not cover any other aspects of the employment relationship, such as salary and job description. Finally, he notes that the receipt contained an explicit statement that the Guide was not an employment agreement.[3] Jerrico responds essentially that an integration clause is not a prerequisite for finding a document to be an express and final contract. Enrico Farms, Inc. v. H.J. Heinz Co., 629 F.2d 1304 (9th Cir.1980).
 
 
 11
 Satchwell has the better of the argument, and we conclude that the district court erred when it concluded that the receipt was an express employment contract. When determining whether a document is an integrated contract under California law and thus not susceptible to modification by parol evidence, the panel must consider such factors as "the language and completeness of the written agreement and whether it contains an integration clause, the terms of the alleged oral agreement and whether they contradict those in writing, [and] whether the oral agreement might naturally be made as a separate agreement...." McLain v. Great American Ins. Cos., 208 Cal.App.3d 1476, 1484 (1989) (citations omitted).
 
 
 12
 It is true that an integration clause is not a mandatory prerequisite to finding an agreement integrated. Furthermore, Satchwell's argument regarding the absence of other key terms is inapposite if the panel considers only whether the agreement was the final expression of one particular term of the employment relationship. However, as in McLain, the document in this case was a standardized form and contained a statement that any provisions of employment set forth in the Guide were subject to amendment or abandonment. Id. at 1485. Thus, it was reasonable for Satchwell to believe that the receipt was not the final expression of the parties' understanding regarding the permanency of employment. The document was also clearly labeled as a receipt rather than as a contract and one California court has gone so far as to say that a receipt is a non-contractual writing that cannot be considered an integrated contract. Wagner, 216 Cal.App.3d at 1385. In holding that a receipt for an employee handbook containing virtually identical language to that used by Jerrico was not an integrated writing, the Wagner court focused on the facts the receipt was a standardized form and did not discuss key aspects of the employment relationship. Id. at 1393.[4]
 
 
 13
 Because the receipt for the Guide did not contain an integration clause, was a standardized form, stated that the Guide was not an employment agreement, and acknowledged that the conditions of employment were subject to change, the receipt did not constitute an integrated contract. Therefore, Satchwell is entitled to introduce parol evidence regarding the terms of his employment. We thus proceed to consider whether Satchwell has presented sufficient evidence to show a genuine issue of material fact as to whether he and Jerrico had formed a contract providing for termination only for cause.
 
 2. The Terms of the Employment Relationship
 
 14
 Under California law, employment is presumed to be terminable at will by either party unless there is an express or implied contractual term to the contrary. Cal.Labor Code § 2922. "In the employment context, factors apart from consideration and express terms may be used to ascertain the existence and content of an employment agreement, including 'the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged.' " Wilkerson v. Wells Fargo Bank, 212 Cal.App.3d 1217, 1225 (1989) (quoting Foley v. Interactive Data Corp., 47 Cal.3d 654, 680 (1988)).
 
 
 15
 In this case, all Satchwell can point to is the existence of the progressive disciplinary system which by its own terms is permissive rather than mandatory and the fact that he was a long-time employee. He does not allege that anyone at Jerrico ever assured him of continued employment or that he would be fired only for just cause. Moreover, numerous editions of the employee handbook put Satchwell on notice that employment at the company was considered at will. Cases finding an implied contract permitting termination only for cause have traditionally required much more evidence. In Wood v. Loyola Marymount Univ., 218 Cal.App.3d 661 (1990), for example, the court cited published guidelines stating that dismissal would not be arbitrary and repeated assurances to the plaintiff of job security in finding that plaintiff had established an implied in fact agreement to terminate only for cause. In Kern v. Levelor Lorentzen, Inc., 899 F.2d 772 (9th Cir.1990), the court relied upon the employer's written policy of terminating employees in plaintiff's job classification last in finding that plaintiff had presented sufficient evidence of a promise to discharge only under certain conditions. Because Satchwell can essentially point only to a permissive disciplinary system in support of his claim, we conclude that Satchwell has not presented sufficient evidence of a promise to terminate only for cause to survive summary judgment.
 
 CONCLUSION
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both parties agree that California law governs this action
 
 
 [2]
 We note that this proposition applies only to attempts to introduce evidence of prior or contemporaneous implied agreements. Even if the receipt were an integrated contract, Satchwell would not be precluded from introducing evidence of subsequent oral representations or conduct or custom that modified the parties' initial written agreement. Wagner v. Glendale Adventist Medical Center, 216 Cal.App.3d 1379, 1388 (1989). However, we need not address this possibility separately because we conclude that the receipt did not constitute an integrated writing
 
 
 [3]
 We note that this provision was directed toward the Guide rather than the receipt itself. Nonetheless, it is possible that the language may have been misleading
 
 
 [4]
 The Wagner court also noted, however, that the receipt could be viewed as a restatement of the current employment relationship. Thus, the receipt in this case could be viewed as further evidence that Satchwell did not have a reasonable expectation that his employment was terminable only for cause