**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry STOCKETT, Defendant–Appellant.**

No. 06–10720.

United States Court of Appeals, Ninth Circuit.

* This disposition is not appropriate for publica-    tion and is not precedent except as provided

Submitted March 7, 2008.*

Filed March 18, 2008.

Steven W. Myhre, Esq., Robert L. Ellman, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Mark B. Bailus, Esq., Bailus Cook & Kelesis, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

█ The district court did not err by denying Larry Stockett's ("Stockett") oral request to represent himself without prejudice and instructing him to consult with his newly-appointed counsel first. Stockett did not renew his request. On these

by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

facts, his request was not sufficiently unequivocal. *See United States v. Kennedy,* 564 F.2d 1329, 1340 (9th Cir.1977); *United States v. Hernandez,* 203 F.3d 614, 623 (9th Cir.2000).

Stockett's ineffective assistance of counsel claim is not adequately developed to permit review on direct appeal. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003) (ineffective assistance claims are normally not appropriate on direct review). We deny this claim without prejudice.

■ Prosecuting and sentencing Stockett for securities fraud did not violate the Double Jeopardy Clause, which only prohibits multiple *criminal* punishments for the same offense. *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). Stockett's prior SEC judgment was civil in nature; disgorgement and monetary penalties are not criminal. *See United States v. Gartner,* 93 F.3d 633, 635 (9th Cir.1996); *Reiserer v. United States,* 479 F.3d 1160, 1163–64 (9th Cir.2007).

Stockett's constitutional rights were not violated by pre-indictment or pre-trial delay. Stockett has not demonstrated actual prejudice from pre-indictment delay. *See United States v. Moran,* 759 F.2d 777, 780 (9th Cir.1985) (setting forth the two-prong test for determining if pre-indictment delay has violated due process). The bulk of the delay between indictment and trial was attributable to Stockett himself, and, again, he has not demonstrated any specific prejudice. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (identifying reason for delay and prejudice as two of four factors to consider in assessing whether a defendant has been deprive of his right to a speedy trial).

■ The district court did not abuse its discretion by allowing some limited testimony about Stockett's misuse of the Wienses' funds by spending the money on women or girlfriends. *See United States v. Brutzman,* 731 F.2d 1449, 1452 (9th Cir.1984) (misuse of funds is direct evidence of fraud). The district court excised the more objectionable language, precluded evidence about Stockett's involvement with prostitutes, and issued a limiting instruction to the jury. The district court also correctly ruled that the parol evidence rule had no application in this case. *See United States v. Martel,* 792 F.2d 630, 635 (7th Cir.1986) (parol evidence rule has no application in criminal proceedings and where the government was not a party to the contact); *see also Bell v. Exxon Co.,* 575 F.2d 714, 715–16 (9th Cir.1978) (parol evidence is admissible to show fraudulent inducement). Even if the court erred by allowing testimony of other bad acts (such as tax evasion and bounced checks), any error was harmless, as the government did not emphasize these other acts, the court gave a proper limiting instruction, and there was significant evidence regarding the charged crimes.

Nor did the district court abuse its discretion by allowing the introduction of an email from Stockett's associate, Thorsten Koster, to the Wienses, because the email was not offered for the truth of the matter asserted. Fed.R.Evid. 801(c). Nor did the court violate the "rule of completeness" by redacting the audiotape recording made by Agent Gilmartin; the redaction did not take matters out of context or create a misleading impression. *See United States v. Dorrell,* 758 F.2d 427, 434 (9th Cir.1985); Fed.R.Evid. 106. The district court also properly permitted a witness to testify as to the meaning of an email from Stockett, as this testimony was rationally based on the witness's perception and helped the jury understand Stockett's reference to "Lompoc." Fed.R.Evid. 701.

Stockett has waived most of his arguments regarding insufficient evidence by failing to properly raise them in district court and by failing to support the issues he did raise in his opening brief. *United States v. DeGeorge*, 380 F.3d 1203, 1216–17 (9th Cir.2004); *Humble v. Boeing Co.*, 305 F.3d 1004, 1012 (9th Cir.2002). However, even assuming these arguments are not waived, viewing the evidence in the light most favorable to the prosecution, there was sufficient information from which a rational jury could have found the essential elements of the charged crimes beyond a reasonable doubt. *See United States v. Stewart*, 420 F.3d 1007, 1014–15 (2005).

■ The district court did not abuse its discretion in denying Stockett's motion for a mistrial after jurors witnessed U.S. Marshals escorting Stockett to the restroom. Stockett was not handcuffed, any observation of him with the Marshals was brief and inadvertent, and he has not alleged prejudice. *See United States v. Halliburton*, 870 F.2d 557, 561 (9th Cir.1989).

Stockett did not properly raise a *Brady* allegation during trial, but raised the claim later in a § 2255 motion which the district court denied without prejudice as untimely. Because the underlying facts are undeveloped and the district court has not yet ruled on the issue, we deny this claim without prejudice.

The prosecutor's statements during closing argument did not constitute plain error. *See United States v. Whitehead*, 200 F.3d 634, 638 (9th Cir.2000) (this court reviews for plain error when defendant does not object in trial court). Most of the statements Stockett now challenges merely asked the jury to draw reasonable inferences from the evidence. *See United States v. Henderson*, 241 F.3d 638, 652 (9th Cir.2000) (prosecutor may strike "hard blows" based on the evidence and reasonable inferences therefrom). Even if the statement "that's ridiculous" could be considered to inject a personal opinion on the evidence, this error was harmless in light of the significant evidence against Stockett, and did not rise to the level of plain error that seriously undermined the fairness of the trial.

The district court properly applied the 2001 Guidelines because Stockett's scheme continued until at least 2002. *See United States v. Guzman–Bruno*, 27 F.3d 420, 422 (9th Cir.1994) (if a sentencing provision has changed to provide for longer sentences, the district court applies the version of the Guidelines in effect at the time the crime was committed). Stockett does not demonstrate why any of the district court's factual findings underlying the various enhancements are clearly erroneous. The district court carefully considered the relevant § 3553(a) factors and determined that a 144–month sentence was appropriate. The court did not abuse its discretion and this within-guidelines sentence was reasonable. *See United States v. Alvarez–Hernandez*, 478 F.3d 1060, 1063 (9th Cir. 2007) (this court reviews a district court's interpretation of the sentencing guidelines de novo, its factual findings for clear error, and the ultimate sentence for reasonableness).

Any errors in Stockett's trial were minor and, even if considered cumulatively, did not prejudicially impact the outcome of his trial.

AFFIRMED.