

FILED

NOT FOR PUBLICATION

DEC 09 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: DAVID HERSCHEL LUND, <br><br> Debtor, <br><br>———————————————————— <br><br> DAVID HERSCHEL LUND, <br><br> Appellant, <br><br> v. <br><br> JACK JEVNE, <br><br> Appellee. | No. 08-56655 <br><br> D.C. No. 2:06-cv-08127-GAF <br><br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted December 7, 2009<sup>**</sup>
Pasadena, California

Before: HALL, THOMPSON, and SILVERMAN, Circuit Judges.

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup>      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

David Hershel Lund appeals the district court's affirmance of (1) the bankruptcy court's exclusion of parol evidence offered by Lund; and (2) the bankruptcy court's grant of summary judgment to Appellee Jack Jevne on Lund's cross-claim for fraud. This court has jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

Lund is Jevne's former financial advisor and admits to stealing $410,000 from funds controlled by Jevne. In 1991, Lund signed an unsecured promissory note acknowledging the debt and promising to repay $410,000 plus interest. In 2001, Lund signed another written agreement stating that he still owed that amount and that the statute of limitations did not bar the debt.

Lund wishes to introduce evidence that Jevne orally promised that he would not sue on the outstanding debt and would only use the 2001 agreement for purposes of obtaining a tax deduction. This alleged promise is directly contrary to Lund's written waiver of the statute of limitations, which gave Jevne the right to sue on the outstanding debt. The parol evidence rule bars introduction of prior or contemporaneous oral representations that contradict integrated terms of a written agreement. *See Enrico Farms, Inc. v. H. J. Heinz Co.*, 629 F.2d 1304, 1306 (9th Cir. 1980); *Banco Do Brasil, S. A. v. Latian, Inc.*, 285 Cal. Rptr. 870, 886 (Cal. Ct. App. 1991) ("[I]t cannot reasonably be presumed that the parties intended to integrate two directly contradictory terms in the same agreement.").

Although the parol evidence rule does not bar introduction of extrinsic evidence to show fraudulent inducement, this fraud exception does not apply where an alleged fraudulent promise not to sue is inconsistent with the written terms of the agreement. *Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 281 (9th Cir. 1992); *Bank of Am. Ass'n v. Pendergrass*, 48 P.2d 659, 661 (Cal. 1935). The district court thus properly affirmed the bankruptcy court's exclusion of parol evidence.

Lund's fraud cross-claim is premised on the same alleged false promises that were excluded above under the parol evidence rule. The parol evidence rule is a rule of substantive law under which the integrated terms of a written agreement supersede all prior and contemporaneous agreements, making evidence contrary to those terms irrelevant as a matter of law. *See Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 502 (Cal. 2004) (fraud action properly terminated under the parol evidence rule). The district court thus properly affirmed the bankruptcy court's grant of summary judgment to Jevne on Lund's cross-claim.

**AFFIRMED.**